REGINA STANSBERRY, APPELLANT, v. E. W. STANSBERRY ET AL., APPELLEES

FILED MAY 4, 1918. No. 20060.

1. **Husband and Wife:** ANTENUPTIAL CONVEYANCE: AVOIDANCE. An antenuptial conveyance of property on eve of marriage may be voided by the wife, provided it was either actually or constructively fraudulent as to her.

2. ———: ———: ———. Whether the conveyance was fraudulent or not depends upon the facts and circumstances of the case. If made with fraudulent intent to defeat the wife of her just marital rights, or if, whether so intended or not, it operated to defeat her of her just expectancy as fiancée so as to work a fraud upon her marital rights, then the conveyance will be held fraudulent as to her.

3. ———: MARITAL RIGHTS: FRAUD: STATUTE. Section 1269, Rev. St. 1913, empowering either husband or wife, seised of land in this state, to convey it when the other is not a resident of this state, does not, as between husband and wife, or others who are parties to the fraud, empower either of them to make conveyances in fraud of the marital rights of the other.

APPEAL from the district court for Red Willow county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*E. H. Estey* and *J. L. Rice,* for appellant.

*M. F. Harrington* and *W. R. Starr, contra.*

CORNISH, J.

Action in equity to have a prenuptial deed, made by plaintiff's husband, since deceased, adjudged void as in

fraud of her marital rights, and that plaintiff, as widow, be adjudged to be the owner of one-fourth interest in the land. From a judgment denying the relief, plaintiff appeals.

It appears that at the time of marriage plaintiff and her husband were advanced in years, he the older; that they were then and continued to be residents of the state of Iowa, and that both were possessed of property, the husband owning considerable property besides the 80 acres in controversy; that the marriage was an unhappy one, the wife leaving him some two years afterwards; that, while the wife knew that he possessed Nebraska land, she knew nothing about the amount or value of it; that no false representations were made by him to her about it, or that as an inducement to marriage she should have an interest in it; that the land was both acquired and disposed of by him after the marriage engagement; that during their engagement he made other dispositions of property without objection from her; that at his death he left other real estate in Nebraska and property elsewhere undisposed of; that the land in controversy was originally owned, subject to a mortgage, by his son Joseph; that he paid off the mortgage, taking a deed to the land; that the deed recited "one dollar and other consideration;" that subsequently he deeded the land back to his two sons, defendants herein, taking from them, on their suggestion, a life lease; that no consideration was paid by them further than what the facts above shown would indicate; that his two sons were his only surviving children by his first wife; that at the time of making the deed to his sons he stated to them that it was understood between himself and his intended wife that the property of each should go to the children of each; that after the deed was made he paid no taxes on the land, nor was any rent paid to him; that the deed to his sons was delivered at the time it was made, but not recorded until afterwards.

Under these circumstances, was the deed to his two sons in fraud of his wife's marital rights? The question is, primarily, one of good faith or intention to defraud. Where, however, the conveyance is one which must work a fraud upon the wife's marital rights, such as where one conveys all of the property that he has, then the conveyance will be held to be constructively fraudulent. The courts, however, as bearing upon the question of fraud, take into consideration the fact that the conveyance is made to one's own children by a former marriage, or to other members of the family. Was the conveyance one which the person, under the circumstances, could and would make without intending to do or doing his wife a wrong? This inquiry is important and determining, because, under the marriage contract, the fiancée expects and has a just expectancy that she will share more or less in his property.

Counsel for defendants (appellees) argues that section 1269, Rev. St. 1913, which provides that neither husband nor wife can "inherit" real estate "if either such husband or wife be not a resident of this state," and the conveyance is made "by the one seised at the time of such conveyance," is conclusive against the plaintiff. While there may be room for doubt about it, we are hardly of the opinion that this provision of the law, although it empowers the husband to make a deed which would have deprived the wife, or prospective wife, of claiming any interest in the land as against a purchaser, can be said also to give a right, as between himself and her, to make a conveyance in fraud of her marital rights. The main purpose of this statute was to protect innocent purchasers. Its existence, however, does have a direct bearing upon the question of fraudulent intent. The fact that he could have conveyed this land and given a good title to a purchaser, and did not do so, is a circumstance going to show that he was not attempting to deprive his prospective wife of anything that in fairness should go to her.

We are of opinion that the trial court was right in finding that the deed was neither actually nor constructively fraudulent. The husband's ownership of the land was not an inducement to the marriage engagement. No false representations were made touching it. He got it and disposed of it during the period of the engagement and before marriage. The circumstances of his acquiring the property might indicate an intention to reconvey to his own children, who would also have claims upon him. If actuated by fraud, he need not have acquired the property in the way he did, or could have otherwise conveyed it, in spite of her, after marriage. It constituted only a portion of his estate, and it is not improbable that when these people married they knew the uncertainty of a happy marriage at their ages, and understood that each should be free in the handling of his property. How much other property he had does not appear, but it does appear that, although living in Iowa, he had during the period of the engagement improved real estate in McCook which was not conveyed.

*Butler v. Butler,* 21 Kan. 521; *Goodman v. Malcolm,* 9 Kan. App. 887, 58 Pac. 564; *Hamilton v. Smith,* 57 Ia. 15; *Bell v. Dufur,* 142 Ia. 701; *Dudley v. Dudley,* 76 Wis. 567; *Allen v. Allen,* 213 Mass. 29; *Nelson v. Brown,* 164 Ala. 397; and note to *Deke v. Huenkemeier,* 48 L. R. A. n. s. 512 (260 Ill. 131).

AFFIRMED.

HAMER, J., dissents.

LETTON and SEDGWICK, JJ., not sitting.