FRED BORING ET AL. V. GRACE DODD, APPELLANT: BENJAMIN J. CUNNINGHAM, APPELLEE.

FILED JANUARY 24, 1928. No. 25271.

*A. L. Joseph, W. P. Mullen, E. P. McDermott* and *Pratt, Hamer & Tye,* for appellant.

*Benjamin J. Cunningham, pro se.*

Heard before Goss, C. J., Rose, Dean, Day, Good and Eberly, JJ., and Redick, District Judge.

Good, J.

Plaintiff brought this action to partition the following described real estate: Lots 341, 342, 343, and 344, in the original town of Kearney Junction, now city of Kearney, Buffalo county, Nebraska, and lot 1, block 4, First addition to the village of Cairo, Hall county, Nebraska. Defendant Cunningham by cross-petition prayed to have included in the partition proceedings the following additional real estate: Lot 843, in the original town, now city of Kearney, Buffalo county, Nebraska; lots 544 and 545, in Kearney Junction, now city of Kearney, Buffalo county, and lots 4, 5, and 6, in block 4, First addition to the village of Cairo, Hall county, Nebraska.

The trial court decreed partition of the real estate described in plaintiff's petition, and entered this further order and decree: "And in the event the proceeds thereof are insufficient to pay the liens against the heirs above named as set forth herein, that the remainder of the property, to wit, lots four (4), five (5), and six (6), in block four (4), First addition to Cairo, lot 843, original town of Kearney,

and lots 544 and 545, in Kearney Junction, or so much thereof as is necessary to satisfy the liens and judgments hereinbefore found, be sold and the proceeds applied to the payment thereof, and for such other and further orders of distribution as are necessary." From this decree Grace Dodd has appealed.

The controversy in this case is between Grace Dodd, one of the cotenants, owners of the real estate, and Benjamin J. Cunningham, defendant, who claims a lien against the share or interest of Arthur Boring in and to all of the said real estate. His alleged lien is based upon the findings and decree of the district court in a foreclosure action that had been previously determined in the district court for Hall county. For a proper understanding of the questions involved, a somewhat extended statement of the facts seems necessary.

On February 12, 1920, Jesse Boring, the owner of a quarter section of land in Hall county and of all the property above described in both the petition of the plaintiff and the cross-petition of Cunningham, departed this life. By his will, which has been duly probated, he devised all of his real estate, in equal shares, to his seven children, but therein provided that the share going to his son Arthur should be charged with $1,800, to be paid to his children other than Arthur.

At the time of Jesse Boring's death, there existed two mortgages upon the quarter section of land in Hall county. On August 24, 1920, Arthur Boring and wife executed to his sister Grace Dodd a warranty deed for his undivided one-seventh interest in lots 544, 545, and 843, in the original town of Kearney Junction, now city of Kearney. This deed was filed for record on September 3, 1920.

On March 11, 1920, Arthur Boring and wife executed and delivered to Grace Dodd a mortgage for $200, conveying his undivided one-seventh interest in lots 341, 342, 343, and 344, in the original town of Kearney Junction, now city of Kearney, which mortgage was filed for record on July 20, 1920.

On March 31, 1920, Arthur Boring and wife executed and delivered to Benjamin J. Cunningham a mortgage for $500 on his undivided one-seventh interest in the quarter section of land in Hall county.

On July 26, 1920, Arthur Boring and wife executed a mortgage for $200 to one Nay on his undivided one-seventh interest in the quarter section of land in Hall county. This mortgage was later assigned to Cunningham.

On February 26, 1921, an action was begun by the New York Life Insurance Company, holder of the first mortgage on the quarter section of land in Hall county, for foreclosure of its mortgage. All of the children and legatees of Jesse Boring and other persons, holding liens on the whole of or on any undivided share or interest in said quarter section, were made defendants. The lien-holders filed answers and cross-petitions, and the action proceeded to a decree, in which the New York Life Insurance Company and the Cairo State Bank were given first and second liens on the entire quarter section of land, and the following additional liens were given on the undivided one-seventh interest of Arthur Boring: To the children of Jesse Boring other than Arthur; to judgment creditors of Arthur, and a fifth lien to Cunningham, based upon his mortgages on Arthur's undivided interest.

The following is a quotation from the decree in the foreclosure action: "The court further finds that the said defendant B. J. Cunningham, as assignee of Woolstenholm and Sterne, and as the owner of the mortgages and liens above set forth, has a lien upon all of the interests of the said Arthur Boring in and to the estate of Jesse Boring, deceased, the said liens on the above described premises in suit in this cause being in the order hereinbefore found, and that, in addition thereto, his said liens, including his mortgages and the amounts found due thereon, are also liens against the share and interest of the said Arthur Boring in and to all of the real estate belonging to the estate of Jesse Boring, deceased, as of the date of March 31, 1920, which covers, in addition to the interest of the said

Arthur Boring in the lands and premises involved in this suit, his interest in and to all of the real estate devised to him by the said Jesse Boring, deceased, situate in the village of Cairo, Nebraska, more particularly described as follows, to wit: Lots one (1), four (4), five (5), and six (6), all in block four (4) in the First addition to the village of Cairo, in Hall county, Nebraska, also the real estate situate in the city of Kearney, Buffalo county, Nebraska, more particularly described as follows, to wit: Lot 843 in the original town, now city of Kearney, Nebraska, also lots 544 and 545 in Kearney Junction, now city of Kearney, Nebraska, also lots 341, 342, 343, and 344, situate in the original town of Kearney, Nebraska, and that he has a right to and is hereby given a lien upon the interest and share of Arthur Boring in and to said premises for the amounts hereinbefore found due to him as of the date of March 31, 1920, and that the said liens of the said B. J. Cunningham are prior to all other liens and incumbrances recorded as of the date of March 31, 1920, or subsequent thereto."

The decree directed the quarter section sold for the payment of the liens, found due thereon, to plaintiff and cross-petitioners, respectively, in accordance with their priority, as found by the court. The land was sold and, by an order of distribution entered in that action on the 1st day of July, 1922, all the liens were paid and discharged except the liens of Cunningham, based on his two mortgages on the undivided one-seventh interest of Arthur Boring. The proceeds of the sale were sufficient to pay $128 on these liens, leaving the remainder unpaid and unsatisfied. So far as appears from the record in this case, no deficiency judgment was entered or asked by Cunningham. No one appealed from the decree or order of distribution, but all parties to that action acquiesced therein.

June 11, 1923, the present partition action was brought. Defendant Cunningham has no interest in any of the premises except as a possible lien-holder against the interest of Arthur Boring. In his answer and cross-petition in this

proceeding he sets forth in detail the facts as to his mortgages upon the interest of Arthur Boring in the quarter section and the foreclosure proceeding, including the decree, and, by virtue thereof, asserts that he has a lien upon the interest of Arthur in all of the real estate described in the petition and in his answer and cross-petition, and seeks to have the interest of Arthur Boring in and to all of this real estate subjected to the payment of the lien claimed by him.

It is apparent that the mortgage given by Arthur Boring to Cunningham upon his undivided one-seventh interest in the quarter section of land did not, of itself, create or give rise to a lien upon other real estate in which Arthur had an interest. No facts are alleged in any of the pleadings in the foreclosure action from which it could be inferred that Cunningham had or was entitled to a lien on any other property than that described in his mortgage, to wit: Arthur's undivided interest in the quarter section of land. Cunningham takes the position that the findings above set out, in and of themselves, are sufficient to create and give him a lien upon the interest of Arthur Boring in the real estate in controversy in this action, and that, since no appeal was taken from that decree, it is final and conclusive. He urges that the judgment lienors in the foreclosure proceeding had liens against Arthur's share in all of the real estate, and, since Cunningham's mortgages covered only the quarter section, that he was entitled to a marshaling of Arthur's assets, so that the judgment lienors should be required to first resort to Arthur's share in the real estate on which he had no lien.

It is unnecessary to determine what, if any, rights to marshaling of assets Cunningham may have had in the foreclosure action. It is sufficient in that respect to say that in that action the court did not make or enter any finding or decree attempting to marshal the assets of Arthur Boring. Apparently, there was an attempt to create and give to Cunningham, by reason of the unpaid balance of his mortgage foreclosure decree, a lien upon real estate which

was not covered by the mortgage and which was not involved in the foreclosure action.

Prior to the entry of decree in the foreclosure action, Arthur Boring, by warranty deed, had conveyed to his sister, Grace Dodd, his interest in three of the lots, and had given to her a mortgage for $200 on his undivided share in four other of the lots. The lien attempted to be created by the foreclosure decree even purports to make it operate as a lien as of the date of March 31, 1920. The decree was not entered until in July, 1921. It attempts to create a lien and make it effective for a period of more than a year prior to its creation. But, beyond that, it is necessary to determine the power of the court to enter such a decree, as was done in the foreclosure action, and the effect thereof.

It is a rule well settled that where there is no contract, out of which a lien can grow, nor any duty of one party to give to another a charge or lien on real estate, no basis for a lien exists. 37 C. J. 315, sec. 18. The jurisdiction of a court is subject to the qualification that the court can render only such judgment as does not transcend, in extent and character, the law which is applicable to that class of cases. *Cizek v. Cizek,* 69 Neb. 800; *In re Nielsen,* 131 U. S. 176; 15 C. J. 729, secs. 26, 27. It is a well-recognized rule that a test for determining the jurisdiction of the court is the nature of the case made by the pleadings and the relief sought. 15 C. J. 734, sec. 34.

Applying these principles to the situation at hand, it clearly appears that the court was without jurisdiction in the foreclosure action to create or declare a lien in favor of Cunningham upon property other than that described in his mortgage. The attempt so to do has no force or effect. Where the facts pleaded do not show a right to a lien in the party claiming it, the court is powerless either to create the right or to declare a binding lien. 17 R. C. L. 597, sec. 3. Since the effect of the decree in the foreclosure action was not to create a lien in favor of Cunningham, and as no other basis for a lien in his favor exists, it follows that the court erred in attempting to establish a

lien in his favor on any of the real estate involved in this action in partition.

The judgment of the district court is erroneous, in so far as it attempts to give to the defendant Cunningham a lien upon any of the real estate of Arthur Boring superior to the interests acquired by Grace Dodd, either by warranty deed or by virtue of the mortgage given by Arthur Boring. For the reason that Arthur Boring has not appealed, we do not determine the right of Cunningham to a lien upon the property interest of Arthur Boring, except in so far as it affects the rights of appellant Grace Dodd.

Judgment reversed and cause remanded, with directions to enter a decree in conformity with this opinion.

REVERSED.

Note—As to power of courts to create liens, see 17 R.C.L. 597; 3 R.C.L. Supp. 710; 4 R.C.L. 1142—37 C. J. 315 n. 70.