Latenser v. Misner.

JOHN LATENSER V. WALTER T. MISNER.

FILED OCTOBER 20, 1898.   No. 8339.

1. **Sufficiency of Petition:** ATTACK. A petition may be attacked at any stage of the proceedings on the ground of its insufficiency in statement of a cause of action.

2. ———: ———: REVIEW. Where such an attack on the pleading is delayed until in this court on appeal, it will be liberally construed.

3. **Contracts:** PAROL TESTIMONY. A written contract, the meaning of which is certain and patent from its terms, may not be varied by direct explanation or interpretation in oral testimony.

4. ———: ———: CONSTRUCTION. If the meaning of a written contract is not entirely free from ambiguity or obscurity, or it may be capable of two constructions, acts of the parties to it during and in its performance, and other circumstances which tend to an exposition of its true import, or to show the construction which such parties have placed upon it, are admissible; and its interpretation in the light of such facts and testimony may be committed to the jury under proper instructions from the court.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Reversed.*

*Ed P. Smith* and *James B. Sheean,* for plaintiff in error.

*E. W. Simeral* and *William Simeral, contra.*

HARRISON, C. J.

This action was commenced by the defendant in error in the county court of Douglas county, and from the judgment rendered an appeal was taken to the district court, wherein of the pleadings there was an amended petition in which the cause of action was stated as follows:

"Comes now the said plaintiff and shows to the court that the said defendant is indebted to him in the sum of $396, with interest thereon from the 1st day of April, 1893, due for work and labor as a clerk under a written agreement entered into between this plaintiff and de-

fendant, whereby said defendant agreed to employ this plaintiff for the period of one year from the 4th day of April, 1892, to the 4th day of April, 1893, a copy of which said agreement is attached to this petition and made a part hereof."

Exhibit A is as follows:

"April 1, 1892. Between Misner and Latenser. Engagement by the year; $150 for six months, $125 for second six months.                          JOHN LATENSER."

In the answer it was pleaded: "Defendant admits that he employed the plaintiff to work for him as a clerk, which verbal contract was not to be performed within one year from the making thereof, and was conditioned upon the defendant having work for the plaintiff to perform; that the plaintiff was to be compensated for his services so rendered at the rate of $150 for the first six months and $125 for the second six months;" and further, that the defendant in error had been paid in full for all labor performed for the plaintiff in error. The reply was a general denial, and of the issues joined there was a trial and from the judgment rendered error proceedings have been prosecuted.

No objection to the petition was made in either the county court or district court, but it is in this court, for the first time during the entire proceedings in the case, insisted that the petition is insufficient in that there is not a cause of action stated therein. The pleading attacked is quite brief and somewhat indefinite and incomplete, but construed liberally, as a pleading must be when the attack is delayed until the stage of the proceedings at which it is herein made, may be said to set out a cause of action for the non-payment of an amount due for work and labor performed under the contract which was attached to and made a part of the pleading. The contract upon which the action was predicated was on the part of defendant in error proffered in evidence and finally received. Subsequent to its reception, and

during the examination in chief of the defendant in error, the following occurred with reference to it and its terms:

Q. "I will ask you to state what this $150 for six months—what that had reference to."

Mr. Sheean: "Object to that, as immaterial, irrelevant, and incompetent, the contract itself being the best evidence of its contents, the same being in writing and in evidence."

The court: "The objection is overruled." (Defendant excepts.)

A. "It was an agreement to pay me $150 a month for the first six months, and $125 a month for the second six months."

That the foregoing testimony was received is the subject of complaint in one of the assignments of error. The contract was not so doubtful of import as to be inexplicable or without an intelligent meaning in and of itself, unaided by extrinsic evidence. There was a direct interpretation suggested by and within its words relative to the sums to be paid and for what extent of time each sum named was the agreed compensation for the labor to be performed; hence it was not competent or properly allowable that the witness should state what the contract was in the particulars in which he did, and thus add to its written terms two or three words which materially altered its direct and more patent significance. It may be said, and correctly, that there was some ambiguity in the contract in its reference to the time for which each of the two amounts stated was to be payment,—whether each for six months, or each for one month of the six to which by the plain and direct import of the contract it seemed to be made applicable; and doubtless it would have been proper to allow the jury to consider, under explicit instructions on the subject, the contract in connection with the pertinent facts and circumstances developed in evidence, the acts of the parties under and by virtue of the agreement, such as the payments made, etc.,

in the light of which a true construction of the portion
of the contract to which we have referred might have
been reached, or the interpretation which the parties
themselves placed thereon might have been ascertained.
The error committed in the admission of the testimony
in relation to the meaning of the contract was of a na-
ture calculated to prejudice the rights of plaintiff in error
and calls for a reversal of the judgment.

REVERSED AND REMANDED.