ELIZABETH DUFRENE, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF ALFRED R. DUFRENE, DECEASED, V. LEVERETT M. ANDERSON ET AL.

FILED JANUARY 8, 1903. No. 11,588.

Commissioner's opinion, Department No. 3.

1. Fraudulent Conveyance. On the facts stated, a conveyance of real estate by a debtor is *held* to have been in fraud of his creditors.

2. ———: FINANCIAL CONDITION OF GRANTOR: EVIDENTIAL FACT: PLEADING. In an action to set aside such conveyance, the financial condition of the grantor at the time of making the conveyance is merely an evidential fact bearing on the question of fraud, and need not be pleaded; *aliter*, his financial condition at the time of the commencement of such action.

3. Statute of Limitations: WAIVER: DEMURRER: ANSWER. The defense of the statute of limitations is waived unless interposed by demurrer or by sufficient averments in the answer.

4. ———: ANSWER IN FORM OF DEMURRER. An averment in the answer, couched in the language of a general demurrer to the petition, is a bare conclusion of law and insufficient to interpose the defense of the statute of limitations.

REHEARING of case reported in 2 Nebr. [Unof.], 813.

ERROR from the district court for Douglas county. Action to set aside a fraudulent conveyance. Tried below before FAWCETT, J. Judgment for defendants. *Judgment below reversed.*

*Bernard N. Robertson,* for plaintiff in error.

*W. A. Saunders, contra.*

Syllabus by court; catch-words by editor.

ALBERT, C.

On the 10th day of October, 1894, the defendant L. M. Anderson executed two conveyances, covering separate parcels of real estate belonging to him, to his son, the defendant Arthur L. Anderson. These conveyances were not filed for record until January 14, 1896. At and prior to the date of such conveyances, the grantor was indebted to Alfred R. Dufrene on a note secured by mortgage on other real estate. The mortgage was foreclosed in 1895, and a deficiency judgment rendered in favor of the mortgagee and against the mortgagor, in 1896, for $1,800. Afterward the mortgagee died, and in 1899 the judgment was revived in the name of his executrix, the plaintiff in this case. Afterward, on the 6th day of May, 1899, an execution issued on the judgment, and there being no personal property belonging to the execution defendant, nor real estate to which he held the legal title, whereon to levy, it was levied on the real estate, the legal title to which had been transferred by one of the conveyances hereinbefore mentioned and still stood in the name of the grantee under that conveyance. Afterward, on the 6th day of May, 1899, the plaintiff brought this action against the defendants named, and others having or claiming some interest in the property levied upon, to set aside the conveyance thereof hereinbefore mentioned, as having been made in fraud of the creditors of the grantor. The answers deny the charge of fraud, and aver that the conveyance was upon a valuable consideration. One of the answers, that of the grantee, avers that the consideration was the cancelation of a debt for $350, with interest from the 15th day of September, 1891, to the date of the conveyance, at ten per cent. per annum, due from the grantor to the grantee. The answers also contain the statement "that the facts stated in said petition do not constitute a cause of action." The replies to the answers may be said to amount to a general denial. The court found in favor of the defendants, and decreed accordingly. The plaintiff brings error.

This is the second hearing before this department. The former opinion, affirming the decree of the district court, is reported in 2 Nebr. [Unof.], 813. A further examination of the record in this case satisfies us that our former conclusion was wrong, and that the decree of the district court ought to be reversed.

The conveyance assailed was from father to son. It was withheld from record more than a year after it was executed. It is conclusively established that at the time the conveyance was made, the father was heavily indebted. It is true that all of his indebtedness, save one claim amounting to about $126, was secured by mortgages on real estate other than that in controversy. But the interest on the indebtedness and the taxes on the real estate were accumulating and delinquent, and upon a foreclosure of the mortgages the amount realized on the sales of the property was not sufficient to satisfy the decrees. Seven witnesses testified as to the value of the real estate in controversy. Not one estimated its value at the time of the conveyance in question at less than $4,200, save the grantee, whose estimate was $2,500. But aside from the fact that he knew the property and held the legal title to it, nothing is shown to entitle his opinion in the matter to weight. Opposed to his testimony is that of six witnesses acquainted with the property, and competent to form an opinion as to its value. All of them, save the grantor, whose estimate of the value was $8,000 when the conveyance was made, were disinterested. Taking into account the interest of the grantee, and the facts hereinbefore mentioned affecting the weight of his opinion, a finding that the property was worth but $2,500, would be against such an overwhelming weight of evidence that it could not be sustained. We think, then, that $4,200 is the lowest figure at which the value of the property, at the time of the conveyance, would be placed. It was subject to an apparent tax lien of some $1,600, which was subsequently adjudged invalid. The other property conveyed by the grantor to the grantee at the same time, according to their own esti-

Dufrene v. Anderson.

mate, was worth about $2,700 over and above the incumbrances.  It was conveyed without any valuable consideration whatever, unless upon the same consideration as the other conveyance, which the parties themselves allege was a debt due from the grantor to the grantee, and less than $500.  Assuming that the parties at the time regarded the tax lien of $1,600 as valid, the property in question, at the time of the conveyance, was worth $2,600 over and above incumbrances.  In other words, the only consideration for the transfer of property worth, in the aggregate, $5,300 above incumbrances, from the father to the son, was the cancelation of an alleged debt of less than $500, due from the former to the latter.  The evidence in regard to the existence of such indebtedness is by no means satisfactory.  That this action was brought to set aside but one of the conveyances, does not affect the evidential value of the facts concerning the other made at the same time.  These conveyances practically divested the grantor of the legal title to all real estate owned by him, save his homestead, which was subsequently sold under one of the decrees hereinbefore mentioned.  That the grantor at the time was in failing circumstances, is conclusively established by the evidence.

From the facts stated, but one reasonable inference is to be drawn, and that is that the conveyances were made in fraud of the creditors of the grantor; nor can it be said, in the light of those facts, that the grantee was innocent of a participation in the fraud.

The defendants contend that the decree of the district court should be affirmed, because the petition fails to state a cause of action.  In this behalf, our attention is directed to the fact that the petition contains no allegation that the grantor was insolvent at the time of the conveyance.  We do not deem such an allegation necessary in an action of this character.  The financial condition of the grantor at the time of making the conveyance, is merely an evidential fact bearing on the question of fraud, and need not be pleaded.  *Kain v. Larkin*, 36 N. E. Rep. [N. Y.], 9;

*Banning v. Purinton*, 75 N. W. Rep. [Ia.], 639. The insolvency of the grantor at the time of the commencement of the action, is one of the ultimate facts, and, as such, must be pleaded and proved, as it was in this case.

On the question of the sufficiency of the petition, it is next urged by the defendants that the petition, on its face, shows that the action is barred by the statute of limitations. But it has been repeatedly held by this court that the defense of the statute of limitations is personal to the defendant, and is waived unless pleaded. *Scroggin v. National Lumber Co.*, 41 Nebr., 195. This court has also held, however, that the defense may be interposed by a general demurrer where it appears on the face of the petition that the statute has run against the cause of action. *Merriam v. Miller*, 22 Nebr., 218. In the present case no demurrer was filed, nor were the facts showing the bar of the statute pleaded in the answers. In each of the answers, however, is a statement couched in the language of a general demurrer to the effect that the facts stated in the petition do not constitute a cause of action. We do not believe that by such pleading the statute of limitations was interposed as a defense. Section 99, Code of Civil Procedure, provides that "the answer shall contain: First—A general or specific denial of each material allegation of the petition controverted by the defendant. Second—A statement of any new matter constituting a defense, counter-claim or set-off, in ordinary and concise language, and without repetition." In *Scroggin v. National Lumber Co.*, *supra*, the answer averred that the suit was not brought within the time required by law, nor until after the lien had expired. This court held that such averments were mere conclusions of law, and that where the statute of limitations is relied upon as a defense in the answer, the facts, as distinguished from conclusions of law, must be pleaded. In this case the language of the answer now relied upon as raising the defense of the statute of limitations is the technical language employed in a demurrer to state a bare conclusion of law. It has

no place in a pleading which the law requires to state facts. Incorporated as it was in the answer, it should be treated as a part of the answer. Being a bare conclusion of law, it is of no issuable value, and is insufficient to interpose the defense in question. We have not overlooked the cases holding that, where the petition fails to state a cause of action, it may be assailed at any stage of the proceeding, and that it may be assailed for the first time in this court on appeal. But those are cases in which the plaintiff could not, as a matter of law, under any circumstances, recover on the state of facts pleaded. But this case is not of that character. The defense, we have seen, is one that is waived, unless properly and opportunely interposed. It was not thus interposed in this case; hence if it existed, which we doubt, it is waived.

It is recommended that the former judgment of this court be vacated, and the decree of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is vacated and the decree of the district court reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.