MARGARET C. FOX, APPELLEE, V. LENA FOX, EXECUTRIX, APPELLANT.

FILED NOVEMBER 22, 1906. No. 14,501.

Trusts: ENFORCEMENT: WITNESSES. A parent divided his property among his sons, who in return agreed to give each of their sisters $1,500 in cash, the sisters assenting to the plan as an arrangement by which they were to receive their portion of the parent's estate. One son assumed the payment of a sum due the plaintiff, one of the daughters. He died without having paid any portion of the amount agreed upon. *Held, First,* that a constructive trust arose which could be enforced against the estate of the deceased; *second,* that the action to enforce the trust could be maintained by the *cestui que trust* in her own name, although the parent was still living; *third,* that the parent had no such direct legal interest in the result of the action that would disqualify him as a witness in behalf of the plaintiff.

APPEAL from the district court for Butler county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*Matt Miller* and *L. S. Hastings,* for appellant.

*C. H. Aldrich* and *L. B. Fuller, contra.*

JACKSON, C.

The facts as charged in the petition, and as they were in substance found by the trial court, are that Thomas Fox, with a family consisting of his wife, five daughters and three sons, was residing in Butler county. Two of the daughters were married, a son, Michael, was an adult, the other children were minors. He was possessed of about 800 acres of land and considerable personal property. The son, Michael, was desirous of working for himself, and the father called together the members of his family, and stated, in substance, that he desired in the near future to make a division of his land among his three sons, Michael, William and John; that the sons should pay their sisters the sum of $1,500 each, or a total of $7,500, as their share of the estate. This arrangement was assented to by all the members of the family. Michael was furnished with a span of mules, a horse, seed and implements necessary to farm 240 acres of land, which he did, free of rent, for a term of four years. In the fall of 1894 Michael Fox requested his father to assist him in buying 160 acres of land adjoining the 240 acre tract which he was then farming, and stated at that time that he would prefer this assistance in lieu of the arrangement of 1890. Thereupon the father called the three sons together, and the arrangement of 1890 was changed, so that the father provided Michael with $3,200 in cash and became surety for the further sum of $2,500. With the cash and credit so obtained Michael bought the 160-acre adjoining farm, and it was then agreed that Michael should pay the plaintiff in this action, at any time after five years that she might desire, the sum of $1,500 in cash as her share of the father's estate, and $1,000 to the other sisters. He was also to have rent free the 240-acre tract to farm for an additional period of two years. Later the father divided his lands between the sons, William and John, with the exception of 40 acres which was deeded to one of the daughters. Three of the five daugh-

ters have received from the sons, William and John, the full amount agreed upon as their share of the estate, one has received the sum of $500, and the plaintiff nothing. Michael Fox died, leaving a will by which he devised all of his property without making provision for the payment of the $1,500 to the plaintiff. She filed a bill in equity in the county court, asking that court to decree her the sum of $1,500 and charge Michael's estate with a trust to that amount. The bill was denied in the county court. Plaintiff appealed to the district court, where the decree was in her favor. The estate, through the executrix, appeals. Thomas Fox is still living, and was the principal witness on behalf of the plaintiff.

The appellant seeks a reversal of the decree for three principal reasons: First, that no trust existed, that the action was one at law, and the defendant was entitled to a jury trial; second, that the plaintiff is not the real party in interest, that the action could not be maintained by her, but was one which should have been brought by the father in his own behalf; and, third, that the father being the party in interest was disqualified as a witness. The two latter contentions may be disposed of together. The transaction, as we view it, amounted to a gift *inter vivos*. It was fully completed by the delivery to the son, Michael, and the arrangement agreed to by the plaintiff as one by which she would receive her portion of the parent's estate. The father could not, therefore, revoke the gift. The subject matter was beyond his control. He was not a party in interest, and the trial court did not err in receiving and considering his evidence.

This brings us to the question of whether or not a trust in fact existed and should be enforced in equity against the estate of Michael Fox. In 2 Story, Equity Jurisprudence (13th ed.), sec. 1244, it is said: "Another class of implied liens or trusts arises where property is conveyed *inter vivos,* or is bequeathed or devised by last will and testament, subject to a charge for the payment of debts or to other charges in favor of third persons. In

such cases, although the charge is treated as between the immediate parties to the original instrument as an express trust in the property, which may be enforced by such parties or their proper representatives, yet as between the trustee and *cestuis que trust* who are to take the benefits of the instrument it constitutes an implied or constructive trust only—a trust raised by courts of equity in their favor, as an interest *in rem* capable of being enforced by them directly by a suit brought in their own names and right."

The case, in principle, is not unlike that of *Ahrens v. Jones,* 169 N. Y. 555. Jones, in his lifetime, conveyed his property to his wife under an oral agreement that she was to pay his grandchildren the sum of $2,000. After the death of the husband the wife refused to perform the conditions of the agreement, and it was held that the estate should be impressed with a trust for the payment of the sum agreed upon; that, in fact, the widow became a trustee charged with the payment of that sum, which was declared a lien against the real estate given to the widow. To some extent the same principle was involved in *Pollard v. McKenney,* 69 Neb. 742. In the latter case the husband, being an invalid and in feeble health, expressed his determination to provide by will for a life estate in his widow in the real estate of which he was possessed, and upon her death the fee to vest in his son, subject to a charge of $2,000 to be paid to his daughters. However, upon the representations of his wife that the expense of administration might be saved by conveying the property to her directly and that she would carry out his intentions, this was done. After the death of the husband the wife retained the title until her own death. Prior to her decease she executed a will, making a disposition of the real estate different from the one intended by the husband. In an action by the son against those claiming under the will, it was held that a constructive trust arose upon the facts stated, and the property involved being real estate, the relief granted was a cancelation of the deed, as no trust

could be charged against the real estate itself by reason of the statute of frauds. Michael Fox was charged in his lifetime with the execution of the trust accepted by him, and good faith and equity require that his estate should not be relieved from the burden thereof.

The decree of the district court was right, and it is recommended that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.