[Civil No. 3146. Filed February 8, 1932.]

[7 Pac. (2d) 945.]

A. ACKERMAN, Appellant, v. SOUTHERN ARIZONA BANK AND TRUST COMPANY, a Corporation, Appellee.

Mr. Abraham Ackerman, *in pro. per.*

Mr. James R. Dunseath, for Appellee.

ROSS, J.—This is an action by the Southern Arizona Bank & Trust Company on two promissory notes, one dated October 26, 1929, for $500, signed by defendant A. Ackerman and wife, and one dated December 21, 1930, for $200, signed by defendant A. Ackerman; both notes bearing interest at eight per cent. and calling for ten per cent. attorneys' fees. The action was dismissed as to the wife, and judgment was entered against defendant A. Ackerman as prayed.

The defendant A. Ackerman filed an answer denying that he owed the bank anything, and in addition set up therein as a defense all things included in his complaint in cause No. 3119, *Ackerman* v. *Southern Arizona Bank & Trust Company, ante,* p. 484, 7 Pac. (2d) 944. On motion of plaintiff, all of defendant's answer was stricken except the general denial. He

has appealed, contending that his answer sets up a good affirmative defense.

Since the matters and things when pleaded as an affirmative cause of action [*Ackerman* v. *Southern Arizona Bank & Trust Co., ante,* p. 484, 7 Pac. (2d) 944, were inadequate it was not error to strike the same as an answer.

It is not exactly right to leave the impression that the answer herein is a rescript of the complaint in cause No. 3119. It is of the same general character but covers a much wider field. Instead of being forty-three it is eighty-five single-space pages in length. It is a great jumble of complaints against plaintiff and others, extending over a long period of time, involving many divers transactions wholly unrelated in subject matter and time. Much of its allegations is frivolous, sham and irrelevant. If we had any doubt of the correctness of the court's ruling, we should sustain it because of the court's familiarity with the parties, their sincerity, honesty and good faith in these numerous cases.

We conclude that if defendant has any rights to protect or wrongs to redress, he could easily get a reputable member of the bar to represent him in the prosecution or defense of his causes; and that possibly because he has no rights to protect or wrongs to redress is the reason he has not been able to obtain a lawyer to assist him. At all events, the trial court has not rejected his defense with prejudice, but has left the matter open to be prosecuted should he see fit.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.