[Civil No. 3119.   Filed February 8, 1932.]

[7 Pac. (2d) 944.]

ABRAHAM ACKERMAN, Appellant, v. SOUTHERN ARIZONA BANK AND TRUST COMPANY, a Corporation, Appellee.

Mr. Abraham Ackerman, *in pro. per.*

Mr. James R. Dunseath, for Appellee.

ROSS, J.—Abraham Ackerman, *in propria persona,* commenced this action against the Southern

Arizona Bank & Trust Company. On February 21st the defendant filed a motion to strike plaintiff's complaint on the grounds: (1) That it stated no cause of action against defendant; (2) that commingled with the allegations against defendant were frivolous and sham allegations of and concerning other parties, and acts of other parties, making the complaint so unintelligible that defendant could not properly prepare a defense; and (3) that the complaint showed on its face that if plaintiff ever had a cause of action it was barred. This motion was granted, subject to plaintiff's right to amend his complaint within ten days from February 21st.

On March 9th defendant presented against the first amended complaint the same motion as was filed against the original. This was also granted, subject to plaintiff's right to amend within twenty days.

To the second amended complaint the same motion was renewed, which was on April 11th granted and the action ordered dismissed.

Ackerman has appealed from this last order, and upon the contention that his complaint states a cause of action he asks a reversal.

In all our experience we have never seen a pleading like this complaint. Whoever wrote it evidently copied the paragraphs alleging residence of parties and corporate capacity of defendant from some form, but thereafter he has proceeded without help or guidance from either education or experience to relate, not any too coherently, a lot of grievances against plaintiff's brother-in-law and sister, a Mr. and Mrs. A. Kaufman, and one George F. Gray, an employee of defendant. In it is a copy of a letter from the Governor of the state introducing plaintiff to the superintendent of banks, and excerpts of conversations between these officers and plaintiff; the story of the condemnation of one of his buildings by the city of Tucson and his struggles in rebuilding it; his ex-

periences with his brother-in-law in collecting of rents of buildings, and in paying water rents; the history of a lawsuit between plaintiff and the Kaufmans, who sued him in 1928 for a balance of account and recovered judgment, etc. Copied into it are statements of account between plaintiff and defendant from 1921 to 1924, also copies of accounts between plaintiff and the Kaufmans. All these are bungled and cluttered together, covering forty-three single-spaced typewritten pages.

While plaintiff has himself signed these complaints, the original and amended, as his own attorney, and has appeared in the lower court and here to prosecute his cause, it is quite certain he has had the assistance of an attorney in perfecting his appeal and in writing his briefs on appeal. He excuses himself for not employing an attorney to look after and take charge of his case throughout on the ground of poverty; says he could get no attorney to work for him. This statement is accepted "with a grain of salt." What he probably should have said was that he did not want to pay for the services of a lawyer if he could get the court to take care of his case. The record shows he is a very thrifty man and possessed of considerable means. It also shows that he is indebted. We have no doubt, however, that if he had submitted his troubles to a lawyer, and the facts had shown he had a good cause of action, the lawyer would have gladly and willingly helped him.

Under the law one may be his own attorney if he wants to be. A layman with resources who insists upon exercising the privilege of representing himself must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse.

The plaintiff, in briefs signed by him but written by an attorney, admits that his complaint contains much frivolous and irrelevant matter, but insists that

it states the essentials of a good cause of action for an accounting against defendant. Possibly, if one would overlook or reject a lot of the statements in the complaint and liberally indulge inferences, plaintiff is right in this contention. The same liberal treatment would, however, develop an action of accounting against the Kaufmans and Gray.

The statutory definition of the first pleading for a plaintiff is that it "shall consist of a concise statement of the facts constituting the plaintiff's cause of action." Section 3737, Rev. Code 1928. The complaint in this case cannot possibly be brought within the statutory definition. It is anything but a concise statement of a cause of action. If it states one cause of action, it states several. The fact is the writer of it had no idea what he was stating except that he was unloading on the court a world of grievances, business and domestic, against the bank and his kinsfolk, especially the latter—stories with which the court could not concern itself.

The trial court was very patient with plaintiff. It gave him every opportunity properly to state his cause of action, if he had one, and finally, when all hope along that line was exhausted, dismissed the case without prejudice.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.