MARTHA HANSEN, APPELLEE, V. ESTATE OF MARY A. MCDOUGAL, APPELLANT..

FILED MARCH 30, 1934. No. 28848.

*Harry R. Ankeny* and *Raymond B. Morrissey*, for appellant.

*Armstrong & McKnight*, contra.

Heard before GOOD, EBERLY and DAY, JJ., and CARTER and CHAPPELL, District Judges.

CARTER, District Judge.

In this case, Martha Hansen, as plaintiff below, sued the estate of Mary A. McDougal, deceased, for services rendered Mary A. McDougal in her lifetime over a period of 852 days preceding the date of her death, and which she alleges was of the reasonable value of 35 cents a day. The jury returned a verdict for the plaintiff in the sum of $298.20. From the overruling of his motion for a new trial, the executor of the estate brings this appeal.

The first question to be determined is whether the trial court erred in permitting Martha Hansen, the claimant, to testify that deceased was, during the last three years of her life, crippled and sick; that she could not get hold of things for the reason that her hands were all knotted up with rheumatism; that she was not always able to do her own ironing, nor was she always able to do her own housework.

We are of the opinion that the above testimony is within the prohibition of section 20-1202, Comp. St. 1929, which provides in part: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." The reason for the application of the statute to the facts above set out is well stated in the case of *Northrip's Adm'r v. Williams,* 100 S. W. (Ky.) 1192, as follows: "In *Newton's Ex'r v. Field,* 98 Ky. 186, the plaintiff * * * was permitted to testify as to the character of the services rendered by her, and their value, and the condition of the health of the decedent, and the trouble she had in waiting upon her. In ruling that this evidence was incompetent and prejudicial, the court said: 'The facts established by the appellee were made the basis of her recovery, and if the creditor can make the estate

of one dead his debtor, by establishing upon his own testimony a state of facts arising from transactions had with the decedent, and from which the law will imply a promise to pay, then the mischief intended to be remedied by this provision of the Code remains in all such cases, and a recovery allowed on the testimony of the plaintiff.' It is true appellee did not testify directly as to the services she rendered, but the court permitted her to detail the ailments with which Mrs. Northrip was suffering, and to describe minutely her condition. From this evidence the jury naturally and reasonably inferred that the witness was frequently with and in attendance upon the deceased, whose condition rendered it disagreeable and onerous to wait upon her. After hearing her evidence touching these matters, the jury could not well escape the conclusion that she herself rendered the service she related as being necessary in attending upon the deceased. That she was making evidence for herself, enhancing the value of her services, and impressing the jury with the fact that she should be well paid, there is not much room to doubt. * * * If appellee's evidence conduced to establish her claim, or tended to influence the jury in fixing the amount that should be allowed, it was incompetent and prejudicial. That it had this effect we have no doubt." We are therefore constrained to hold that the evidence of appellee hereinbefore quoted is concerning a transaction with a deceased person and within the prohibition of our statute thereon.

It is necessary, however, that proper objections to the competency of the evidence be made at the trial before prejudicial error can be predicated thereon in this court on appeal. The record discloses that the defendant objected to two questions only on the ground that they were incompetent and on both occasions the trial court properly sustained the objections. All other objections made were on the ground that the answers were not responsive to the questions or that the questions called for a conclusion of the witness. The objections as made will not preserve

the error contended for by appellant that the evidence was improperly admitted over objection to its competency. In our opinion the defendant waived its statutory right to have this evidence excluded by failing to make proper objections at the trial in the lower court. We therefore hold that the trial court did not err, under the circumstances of this case, in overruling the objections made to the admission of the testimony complained of by defendant.

Appellant complains that the court erred in giving certain instructions and in overruling defendant's motion for a directed verdict. An examination of the record discloses no prejudicial error in this respect.

Appellant further contends that the evidence is not sufficient to sustain a judgment in a case of this character. The record discloses that there was evidence submitted on every essential element from which a jury could infer an agreement to pay for the services rendered. There being sufficient evidence to support the finding of the jury, the verdict will not be disturbed.

The judgment of the trial court is hereby

AFFIRMED.