KENNETH E. SAUTTER, APPELLEE, v. WILLIAM F. POSS,
APPELLANT.

50 N. W. 2d 547

Filed December 21, 1951.   No. 33038.

*Lanigan & Ondracek,* for appellant.

*William J. Gartland,* and *Davis & Vogeltanz,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Kenneth E. Sautter brought this action in the district court for Greeley County against William F. Poss. The purpose of the action is to recover damages resulting from injuries sustained while riding as a guest in the car of defendant. Verdict was returned for defendant and judgment entered thereon. Plaintiff filed a motion for new trial and, from the sustaining thereof, defendant has appealed.

The court, as a basis for granting the new trial, was of the opinion that by instruction No. 7, which it had given on its own motion, it had placed a greater burden of proof on the plaintiff than the law imposes upon him.

The principles applicable in considering this appeal are as follows:

"The district court has the power and is required to consider and determine motions for a new trial by the exercise of its judicial discretion.

"As used in this connection judicial discretion means the application of statutes and legal principles to all of the facts of a case. * * *

"The power of judicial discretion authorizes and requires the court to determine the question as to whether or not a legal reason exists for the granting of a new trial. If a legal reason exists and the complaining party makes his application in writing within the time fixed by statute, the court has no discretion in the matter and

the motion must be sustained. If a legal reason does not exist, the court has no discretion in the matter and the motion must be denied. * * *

"An order granting a new trial will be scrutinized here with the same care as one denying a new trial.

"There is no burden in the sense of a burden of proof upon either party. The burden is upon both parties to assist the court to a correct determination of the question or questions presented.

"Under this rule if the trial court gave reasons for the granting of a new trial, the duty rests upon the appellant to present those reasons and in appropriate manner support his contentions that those reasons are not sustainable from the record and applicable rules of law. The appellee has then the duty, if he desires, of meeting those contentions. The appellee has the right to point out and submit additional reasons to sustain the trial court's judgment." Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

The accident, which resulted in appellee being injured, happened about midnight on April 21, 1950, at the intersection of State Highways Nos. 92 and 11 in Howard County. At the time appellee and Kenneth Halm were riding as guests in the car of defendant, the car being a 1949 Ford businessman's coupé. They were intending to go to St. Paul, Nebraska. Appellant's car, which he was driving, approached the intersection, referred to as the Midway Corner, from the north on Highway No. 11. After he entered the intersection appellant was not able to complete the turn to the east onto Highway No. 92 toward St. Paul. As a result the car hit a bank at the southeast corner of the intersection, rolled over, and came to rest in an adjacent field.

Appellant questions the sufficiency of the evidence to present a question of fact for the jury. Since appellee was riding as a guest in appellant's car the evidence adduced must be sufficient to support a finding that appellant was guilty of gross negligence in connection

with his operation thereof. See section 39-740, R. S. 1943.

Gross negligence, within the meaning of section 39-740, R. S. 1943, means negligence in a very high degree, or the absence of even slight care in the performance of a duty. Morris v. Erskine, 124 Neb. 754, 248 N. W. 96; James v. Krebek, 142 Neb. 757, 7 N. W. 2d 637; Landrum v. Roddy, 143 Neb. 934, 12 N. W. 2d 82, 149 A. L. R. 1041.

The following principle is applicable to our consideration of the evidence for the purpose of determining this question: "A motion for directed verdict or for judgment notwithstanding the verdict must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence." Stark v. Turner, 154 Neb. 268, 47 N. W. 2d 569.

As stated in Landrum v. Roddy, *supra:* "We have held in many cases that the question of the existence of gross negligence must be determined from the facts and circumstances in each case."

There is evidence in the record to the effect that on April 21, 1950, the traveled surface of that part of Highways Nos. 11 and 92 here involved was of oil-mat construction and in good condition; that the weather was clear, visibility good, and the highway dry; that Highway No. 11 ran slightly to the east but mostly south; that defendant drove onto Highway No. 11 at Elba; that about five or six miles south of Elba Highway No. 11 intersects with Highway No. 92; that Highway No. 92 runs east and west, St. Paul being on Highway No. 92 about five miles east of the intersection; that about one mile south of Elba appellant was driving his car south at a fast speed; that about three miles south of Elba he was

driving 85 miles an hour; that about half a mile north of the intersection the car was traveling 95 miles an hour; that as the car approached the intersection it did not slow down; that there was a little gravel on the oil-mat surface in the intersection; that there was a sign on Highway No. 11 indicating they were approaching a junction; that appellant was familiar with the intersection as he had been on it before; that when he got to the intersection he slammed on his brakes; that the tires skidded on the oil-mat; that he was not able to make the turn to the east onto Highway No. 92 because of speed; that the car skidded across the intersection and hit a bank at the southeast corner thereof; and that the car rolled over injuring all those in it, which included appellee.

We conclude that under these facts, if believed by the jury, it could properly find appellant was guilty of gross negligence in the operation of his car. The evidence therefore presents a question for the jury. For a comparable situation see Landrum v. Roddy, *supra*.

That part of instruction No. 7 given by the court on its own motion, which is here material, is as follows: "And in this case if you find from a prepondence (preponderance) of the (evidence) that the defendant was grossly negligent in driving his car at an excessive and dangerous rate of speed at the time and place of the accident and that the plaintiff made no protest or objection to the manner of defendant's driving, then the plaintiff cannot recover, ever (even) though you should further find that the accident and injuries to the plaintiff were the proximate result of the defendant's operating his automobile at an excessive rate of speed. If, however, you find from a prepondence (preponderance) of the evidence that the plaintiff did protest at the speed at which defendant was operating his automobile and that he requested the defendant to reduce said speed and that he warned the defendant of the fact that they were approaching the intersection of Highway 11 and

92 and that defendant paid no heed to such warnings and you further find that defendant was grossly negligent in the operation of his automobile and that such negligence was the proximate cause of the accident, then the plaintiff would be entitled to a verdict for such damage as has been shown by the prepondence (preponderance) of the evidence he has sustained."

This instruction had the effect of determining, as a matter of law, that under the situation disclosed by the evidence appellee was required to protest or object to the manner of appellant's driving. It then placed upon appellee, in order for him to recover, not only the burden of proving that appellant was grossly negligent in the operation of his car and that such negligence was the proximate cause of the accident but also the burden of proving that he protested the speed at which the car was being driven; that he requested appellant to reduce the speed thereof; and that he warned appellant of the fact that they were approaching the intersection of Highways Nos. 11 and 92. Such is neither the legal effect of the evidence produced nor the proper party upon whom to place the burden of showing appellee failed to perform any duty he might have as a guest under the facts and circumstances here established.

"The duty of a guest riding in an automobile is to use care in keeping a lookout commensurate with that of an ordinarily prudent person under like circumstances. The guest is not required to use the same degree of care as devolves upon the driver. If the guest perceives danger, or if at certain times and places should anticipate danger, he should warn the driver. Ordinarily, the guest need not watch the road or advise the driver in the management of the car." Costello v. Hild, 152 Neb. 1, 40 N. W. 2d 228. See, also, Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610; Hamblen v. Steckley, 148 Neb. 283, 27 N. W. 2d 178.

The first paragraph of instruction No. 7 properly informed the jury of this duty.

"When an action under the guest statute is based on gross negligence, the comparative negligence statute is applicable." Landrum v. Roddy, *supra*.

And, "* * * whether or not the conduct of the appellee is such as to defeat any right to recover, to which she may be entitled, is one of contributory negligence * * *." Landrum v. Roddy, *supra*. See, also, Fulcher v. Ike, *supra;* Hendrix v. Vana, 153 Neb. 531, 45 N. W. 2d 429; 61 C. J. S., Motor Vehicles, § 489, p. 107.

"Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause." Mundy v. Davis, 154 Neb. 423, 48 N. W. 2d 394.

If the evidence presents a question of fact for the jury then the following is applicable as appellant pleaded that appellee was guilty of contributory negligence: "If the defendant pleads that the plaintiff was guilty of contributory negligence the burden is upon him to prove that defense and this burden does not shift during the trial of the case. However, if the evidence adduced by the plaintiff tends to prove that issue the defendant is entitled to receive the benefit thereof and the court must instruct the jury to that effect." Mundy v. Davis, *supra*.

Appellee testified that after they had started south from Elba on Highway No. 11 at a point about a mile from Elba when appellant was "going pretty fast" he said to appellant, "Bill, slow up, we're in no hurry"; that about three miles south of Elba, when the speedometer showed he was driving 85 miles an hour, he again told appellant to slow up as there was no hurry; that Kenneth Halm, the other guest, made the same request at that time; that at a point about a half mile north of the intersection he noticed by the speedometer that the car

was going 95 miles an hour and at that time again told appellant to slow up; and that when he saw the junction sign he shouted, "Slow up Bill, here is the corner." Kenneth Halm corroborates this story and said that when he saw the junction sign he also shouted for appellant to slow up for the corner. Appellant denied these protests and warnings were made and testified the only warning appellee or Halm made was just before the car entered the intersection when one or both of them said to put on his brakes.

Whether, under the circumstances here, appellee should have made protests or given warnings; whether or not protests and warnings were made; and whether or not if he should have done so and failed such failure was a proximate cause of the accident, are within the province of a jury's functions. We find they present questions for a jury.

As to questions raised by appellee we find exhibit No. 10 was properly admitted, its weight being for the jury.

As to instruction No. 9, since it relates to instruction No. 8 defining statutory duties of a person operating a car on a highway, it should not be in language relating it to "either of the parties to this action." Since appellee was a guest, any negligence of the appellant relating to such operation is not imputable to him.

In view of the foregoing we find the granting of a new trial was proper and the order of the trial court to that effect is affirmed.

AFFIRMED.