LORETTA MALONE VIELEHR, APPELLANT, V. CECIL F. MALONE,
APPELLEE.

63 N. W. 2d 497

Filed March 26, 1954.  No. 33469.

*Dryden, Jensen & Dier,* for appellant.

*James E. Addie,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Loretta Malone Vielehr brought this action in the district court for Kearney County against Cecil F. Malone. The purpose of the action is to establish a constructive trust on certain real estate transferred to defendant by his mother Mary J. Malone, who was also the mother of plaintiff, and for an accounting of the rents and profits therefrom since the mother's death on July 29, 1948. The trial court awarded plaintiff relief to the extent of a one-half interest in and to Lots 5 and 6 in Block 7 and the north one-half of Lot 3 in Block 14, all in the original town of Minden, Nebraska, on condition that plaintiff pay one-half of the funeral expenses of the mother, which amount it fixed in the sum of $327.99 with interest at 5 percent from date of the decree until paid. Defendant filed a motion for new trial and plaintiff has appealed from the sustaining thereof.

The purpose of a new trial is to enable the court to correct errors that occurred in the conduct of the trial.

An order granting a new trial will be scrutinized in this court with the same care as one denying a new trial. While there is no burden in the sense of a burden of proof on either party, the burden is on both parties to assist the court to a correct determination of the question or questions presented. If there is no basis for the sustaining of a motion for new trial the same should not be sustained.

Errors sufficient to cause the granting of a new trial must be errors prejudicial to the rights of the unsuccessful party.

If the trial court gives no reasons for its decision then the appellant meets the duty placed upon him when he brings the record here with his assignments of error and submits the record to our examination with the contention there was no prejudicial error. The duty then rests

upon the appellee to point out the prejudicial error, or errors, that he contends exists in the record and which he contends justifies the decision of the trial court.

See Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772; Sautter v. Poss, 155 Neb. 62, 50 N. W. 2d 547.

Appellee suggests the petition fails to state a cause of action. Since the appellant's petition otherwise states a cause of action this contention is apparently based on the fact that nothing is pleaded to toll the running of the statute of limitations of 4 years, the mother having died on July 29, 1948, and this action was not commenced until December 24, 1952.

In regard to constructive trusts we have said: "In the case of a constructive or implied trust, except where the trust is imposed on the ground of actual fraud which is not immediately discovered, or there has been a fraudulent concealment of the cause of action, the statute begins to run in favor of the party chargeable as trustee as soon as the trust relation is created, or from the time when the wrong is done by which the trustee becomes chargeable, or the time when the beneficiary knew or ought to have known thereof and can assert his rights; not from the time when demand is made on the trustee, or the trust is repudiated by him, for no repudiation of an implied or constructive trust is ordinarily necessary to mature a right of action and set the statute in motion." Bend v. Marsh, 145 Neb. 780, 18 N. W. 2d 106.

It is true we have held: "A petition may be attacked at any stage of the proceedings on the ground of its insufficiency in statement of a cause of action." Latenser v. Misner, 56 Neb. 340, 76 N. W. 897. See, also, Edney v. Baum, 70 Neb. 159, 97 N. W. 252. "Where such an attack on the pleading is delayed until in this court on appeal, it will be liberally construed." Latenser v. Misner, *supra.*

But, in regard to the statute of limitations, we said in Dufrene v. Anderson, 67 Neb. 136, 93 N. W. 139, in dis-

cussing this question: "We have not overlooked the cases holding that, where the petition fails to state a cause of action, it may be assailed at any stage of the proceeding, and that it may be assailed for the first time in this court on appeal. But those are cases in which the plaintiff could not, as a matter of law, under any circumstances, recover on the state of facts pleaded. But this case is not of that character. The defense, we have seen, is one that is waived, unless properly and opportunely interposed. It was not thus interposed in this case; hence if it existed, * * *, it is waived."

The benefit of the statute of limitations is personal and, like any other personal privilege, may be waived and will be unless pleaded. Atchison & Nebraska R. R. Co. v. Miller, 16 Neb. 661, 21 N. W. 451; Dufrene v. Anderson, *supra*. It must be pleaded either by answer or demurrer or it will be considered as waived. Hadley v. Corey, 137 Neb. 204, 288 N. W. 826; Kissick Const. Co. v. First Nat. Bank of Wahoo, 46 F. Supp. 869.

When a petition shows on its face that the action therein stated is barred by the statute of limitations a general demurrer will raise the defense, that is, it is subject to a general demurrer. Dufrene v. Anderson, *supra;* Newman Grove State Bank v. Linderholm, 68 Neb. 364, 94 N. W. 616; Bank of Miller v. Moore, 81 Neb. 566, 116 N. W. 167; Carden v. McGuirk, 111 Neb. 350, 196 N. W. 698; Brainard v. Hall, 137 Neb. 491, 289 N. W. 845; Bend v. Marsh, *supra*.

When it is not apparent from the face of the petition that the action is barred, the statute of limitations as a defense must be taken care of by answer. Hanna v. Emerson, Talcott & Co., 45 Neb. 708, 64 N. W. 229.

As stated in Kissick Const. Co. v. First Nat. Bank of Wahoo, *supra:* "* * * the statute of limitations does not operate by its own force as a bar, but operates rather as a defense to be pleaded by the party relying upon it."

It cannot be considered here on this appeal for the reason that no issue in regard thereto was raised by the

parties in their pleadings. Atchison & Nebraska R. R. Co. v. Miller, *supra.*

We come then to the appellee's suggestion that the allegations of the petition are not sufficiently sustained by the proof as a matter of fact.

" 'A constructive trust is a relationship with respect to property subjecting the person by whom the title to the property is held to an equitable duty to convey it to another on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property.' O'Shea v. O'Shea, 143 Neb. 843, 11 N. W. 2d 540." Jenkins v. Jenkins, 151 Neb. 113, 36 N. W. 2d 637.

"Where the title to real estate is conveyed inter vivos subject to payments to be made to third persons, it constitutes an implied or constructive trust as between the trustee and the cestuis que trust, and may be enforced by them directly by a suit brought in their own names." Maca v. Sabata, 150 Neb. 213, 34 N. W. 2d 267. See, also, Fox v. Fox, 77 Neb. 601, 110 N. W. 304.

To engraft such a trust on the legal title to real estate by parol evidence requires a high degree of proof. Maca v. Sabata, *supra;* Holbein v. Holbein, 149 Neb. 281, 30 N. W. 2d 899; Bruce v. Cadman, 110 Neb. 500, 194 N. W. 726. That is, the burden is on the party or parties claiming the estate of a deceased person, or a part thereof, under an alleged oral agreement, to prove the same by clear, satisfactory, and convincing evidence. Jenkins v. Jenkins, *supra;* Paul v. McGahan, 156 Neb. 656, 57 N. W. 2d 283; Rush v. Heinisch, 157 Neb. 545, 60 N. W. 2d 608.

However, each case must necessarily be determined from the facts, circumstances, and conditions as presented therein. Jenkins v. Jenkins, *supra.*

Before proceeding with a discussion of the facts we shall first discuss the status of certain evidence in the record which comes within the following rules:

"Declarations derogatory to the title of an ancestor,

made by him after he transferred title, are not admissible as an exception to the hearsay rule merely because the grantee acquired the property without a monetary consideration. * * *." Johnson v. Petersen, 101 Neb. 504, 163 N. W. 869, 1 A. L. R. 1235. See, also, Colbert v. Miller, 149 Neb. 749, 32 N. W. 2d 500.

Hearsay testimony which is incompetent is not made admissible by reason of the death of the person who made the statement sought to be proved. Colbert v. Miller, *supra*.

As to certain testimony of the appellant relating to conversations and transactions had with the deceased Mary J. Malone it was incompetent under section 25-1202, R. R. S. 1943. Colbert v. Miller, *supra;* Broeker v. Day, 124 Neb. 316, 246 N. W. 490.

Up until the filing of his motion for new trial appellee acted as his own counsel, although the trial judge and appellant's counsel frequently suggested that he do otherwise and employ counsel. That appellee had a right to do so is without question. Section 7-110, R. S. 1943, provides: "Plaintiffs shall have the liberty of prosecuting, and defendants shall have the liberty of defending, in their proper persons."

As stated in Ackerman v. Southern Arizona B. & T. Co., 39 Ariz. 484, 7 P. 2d 944: "Under the law one may be his own attorney if he wants to be. A layman * * * who insists upon exercising the privilege of representing himself must expect and receive the same treatment as if represented by an attorney * * *."

We think the correct rule is as follows: Parties to litigation, if they so desire, have the right to present and defend their own interests without the assistance of an attorney but when they do so their rights are subject to and will receive the same consideration as if they had been represented by an attorney.

Appellee made no objection to this evidence, consequently, the following principles are applicable thereto:

Where testimony is offered and admitted in evidence.

without objection being made thereto, error cannot be predicated thereon by the district court when reviewing its own proceedings on motion for a new trial nor will we consider any error predicated thereon on appeal. Greenberg v. Fireman's Fund Ins. Co., *supra;* Hansen v. Estate of McDougal, 126 Neb. 538, 253 N. W. 674.

Failure to object to testimony disqualified under section 25-1202, R. R. S. 1943, waives the right to exclude such testimony. Perry v. Neel, 126 Neb. 106, 252 N. W. 812.

Hearsay evidence, admitted without objection, may be sufficient to sustain a finding of the existence of facts. Dafoe v. Grantski, 143 Neb. 344, 9 N. W. 2d 488.

Appellant and appellee are the only children of John H. and Mary J. Malone. The Malones lived in Minden, Nebraska, where appellant must have been born in about 1891 as she testified she was 62 years of age at the time the case was tried. Just when appellee was born is not shown. Appellant lived at home until she was 22 years of age or until about 1913. She first moved to Lincoln, Nebraska, then to Omaha, Nebraska, and, in 1931, moved to Chicago, Illinois, where she has lived ever since. She was married on August 24, 1948. Appellee has apparently never married and has always lived in the parents' home except for about 2½ years during the years 1942, 1943, 1944, and 1945 when he was working in the Ordnance Plant at Sidney, Nebraska. The father died on October 2, 1926, and the mother on July 29, 1948, she being 76 years of age at the time of her death.

The father owned Lots 4, 5, and 6 in Block 7 and the north half of Lot 3 in Block 14, all in the original town of Minden. The original Malone home was located on Lot 4 and a business property was located on the north half of Lot 3 in which the father carried on his business. By deed dated December 26, 1925, the father conveyed all of this property to the mother. In December 1926 the mother built a new house on Lots 5 and 6 which she

thereafter occupied as her home, living there up until the time of her death. On March 25, 1933, the mother executed a deed to appellee for all of this property. However, this deed was not recorded by appellee until August 5, 1948, or after the mother's death. In the meantime, on March 9, 1939, the mother executed and delivered to Nels O. Brant and Christine Brant a deed to Lot 4 in Block 7, original town of Minden. This was given in part payment of a quarter section of land which was deeded to appellee. Subsequently, on December 3, 1948, appellee executed a deed to the then owners of Lot 4. This was apparently done in view of Lot 4 being included in the deed from his mother which he had recorded on August 5, 1948.

Appellant testified that when she was home on August 22, 1934, for her mother's birthday that she, her mother, and appellee had a general conversation about the family affairs; that in the presence of herself and the mother appellee told her that the mother had put the property in his name by deeding it to him; that this was done so he could handle the business for her and that after she (the mother) died he was to divide whatever was left of the mother's estate with appellant; and that he then said he would carry out this arrangement.

During all the years, up until the mother's death, the family seems to have been on a very friendly basis. Appellant frequently visited in the family home and corresponded with her mother weekly. During these years the arrangement above referred to was discussed between the members of the family, including appellee, and was fully understood as appellee assured both his mother and appellant he would carry out this arrangement, which we find the evidence establishes. It was not until in September 1950 that he refused to do so. We think appellant is entitled to have it enforced.

While other properties are referred to in appellant's petition and in the evidence, no discussion thereof is

here necessary in view of the manner in which this cause comes here for review.

It is our opinion that there was no basis for the trial court's granting a new trial and that it was in error in doing so. We therefore reverse its order granting a new trial and vacating and setting aside its decree awarding appellant a one-half interest in Lots 5 and 6 in Block 7 and north half of Lot 3 in Block 14, all in the original town of Minden, Nebraska, conditioned on appellant paying appellee the sum of $327.99 with interest at 5 percent from date of the decree, with directions that such decree be reinstated. Costs are taxed to appellee.

REVERSED AND REMANDED WITH DIRECTIONS.