Louis Weiner, appellant, v Warren Schrempp et al., appellees.

129 N.W. 2d 518

Filed July 10, 1964. No. 35693.

Lyle B. Gill, for appellant.

Stoehr, Rickerson, Sodoro & Caporale and Schrempp, Lathrop & Rosenthal, for appellees.

Heard before White, C. J., Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Yeager, J.

This is an action at law instituted by Louis Weiner, plaintiff and appellant, against Warren Schrempp, David Lathrop, and Henry Rosenthal, Jr., defendants and appellees, who are attorneys at law admitted to practice in the State of Nebraska. By the petition in the action it is charged that the defendants were retained by the plaintiff to represent him as attorneys in certain described litigation and that for the service to be performed they received a fee in retainer, but that they, with due notice, failed to exercise due and reasonable care, skill, and diligence in representing plaintiff in the litigation for which they were retained, in consequence of which the plaintiff was damaged. The action is to recover the damages so sustained. In the action in the district court the plaintiff was not represented by counsel. The case was filed by the plaintiff pro se.

No answer or other pleading was filed in the case attacking the petition as to sufficiency of statement as a

cause of action from either a factual or legal viewpoint. The only formal attack of any kind made in the case is in a motion which is as follows: "Come now the defendants, and each of them, and move the Court for an order to strike plaintiff's Petition from the files and records of this Court for the reason that the same was not filed in accordance with the provisions of Section 7-101 of the Revised Statutes of Nebraska of 1943, as amended." No defense is asserted in the motion.

A hearing was had on the motion at which the plaintiff was called as a witness by the defendants. No other witness was called. He testified that he represented himself in the preparation and the filing of the action and, as the record indicates, that the handling was by him pro se. On the basis of the record and this evidence the court sustained the motion and dismissed the action.

This action was clearly erroneous. Section 7-110, R. R. S. 1943, provides: "Plaintiffs shall have the liberty of prosecuting, and defendants shall have the liberty of defending, in their proper persons."

In interpretation of this statutory provision the decisions of this court permit parties to litigation, if they so desire, to present and defend their own interests without the assistance of any attorney. See, Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497; Niklaus v. Abel Constr. Co., 164 Neb. 842, 83 N. W. 2d 904.

The judgment dismissing this action is therefore reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.