ANNA PAUL ET AL., APPELLANTS, v. BRYAN T. McGAHAN ET AL., APPELLEES.

57 N. W. 2d 283

Filed March 13, 1953. No. 33226.

*Kirkpatrick & Doughterty* and *George B. Hastings,* for appellants.

*V. H. Halligan,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This case was before this court on an earlier occasion in which an opinion was adopted which is reported as Paul v. McGahan, 152 Neb. 578, 42 N. W. 2d 172. The decree was reversed and the cause was remanded for further proceedings. The first seven paragraphs of the former opinion will be quoted herein and adopted as the statement of the case and of the issues submitted for determination. The eighth paragraph contains the determination made by the district court which formed the basis for decision made on the former appeal.

The eight paragraphs in the sequence of appearance in the former opinion are the following:

"The plaintiffs brought this action in equity to establish a constructive trust on lands owned by William McGahan at the time of his death; to set aside a conveyance made by the plaintiffs to Bryan T. McGahan, administrator with the will annexed and an heir of the deceased, which conveyance plaintiffs charge he procured by fraud and misrepresentation; and to appoint

a testamentary trustee to carry out the provisions of the will of William McGahan, deceased.

"For the purposes of this appeal the plaintiffs' amended petition alleged facts upon which they based their contention that a constructive trust was created. The facts alleged testified to, or so much thereof as may be necessary to a determination of this appeal, will be set forth in the opinion.

"The allegations of the plaintiffs' amended petition allege in substance: That the defendant Bryan T. McGahan, in anticipation of his probable appointment as administrator with will annexed of his deceased father's estate, procured the plaintiffs to execute, acknowledge, and deliver to him a certain quitclaim deed conveying to him the real estate of which his father died seised and possessed. That the deed was without consideration, and was delivered to said defendant at his own express insistence and request and upon his representation to the plaintiffs that the immediate signing and delivery of the deed was necessary and was to serve only as an instrument to facilitate his management and administration of the estate and to protect the assets thereof, and with the promise and assurance upon his part to them that when the estate was settled it would be divided amongst and between all of the decedent's devisees as provided in the last will and testament. That the plaintiffs trusted and reposed confidence in this defendant and in his statements and representations as above set forth, and assumed and relied upon his good intentions as expressed by him that during the ten-year interim as provided for in the second paragraph of the decedent's will, he would faithfully fulfill his obligations as trustee as provided therein.

"The answer of the defendant Bryan T. McGahan generally denied the allegations of the amended petition relating to the oral contract as set forth therein, and pleaded facts as to the agreement made by the heirs of William McGahan, deceased, wherein the real estate

was conveyed to him for his use absolutely. The answer of the defendant John C. McGahan was to the same effect.

"The plaintiffs' reply was a general denial of the allegations of the answers of the defendants with respect to defendants' contentions as to the oral agreement.

"William McGahan, a widower and resident of Perkins County, Nebraska, departed this life March 20, 1941. He was survived by Anna Paul and Mayme Baker, his daughters, John C. McGahan, Matt J. McGahan, and Bryan T. McGahan, his sons, who are the persons having an interest in the subject matter of the litigation, therefore other parties are not named in the opinion. At the time of his death he owned 496 acres of land located in Perkins County and described in the pleadings.

"Anna Paul, Mayme Baker, and Matt J. McGahan appear as plaintiffs, and Bryan T. McGahan and John C. McGahan as defendants.

"At the close of plaintiffs' testimony the defendants moved to dismiss the plaintiffs' petition for the reason that the evidence introduced by plaintiffs was insufficient to sustain a cause of action against the defendants. Plaintiffs moved that the court enter judgment for them in accordance with the prayer of the amended petition. The trial court sustained defendants' motion and dismissed plaintiffs' action. Motion for new trial was filed by the plaintiffs and overruled. Plaintiffs appeal, predicating error on the trial court's part in sustaining defendants' motion on the ground that the evidence was insufficient in fact and in law to sustain a prima facie case."

It will be observed from an examination of the former opinion that the decree was reversed and the cause remanded for a new trial. The effect of this was, on the new trial, to permit the plaintiffs to reintroduce their evidence and to permit the defendants to present such evidence as they had in defense of plaintiffs' cause of

action. The issues on the second trial were the same as on the first.

On the second trial the plaintiffs pursuant to stipulation put in evidence to support their cause of action a transcript of the evidence taken at the first trial and then rested. Thereupon the defendants adduced their evidence, after which the plaintiffs adduced rebuttal evidence.

At the conclusion of all of the evidence the court found upon the issues in favor of defendants.

A motion for new trial was duly filed and overruled. From the decree and the order overruling the motion for new trial the plaintiffs have appealed.

There are five assignments of error but collectively they present the question of whether or not the court erred in its finding and conclusion that the evidence was insufficient to sustain the contention of plaintiffs that the conveyance by which the defendant Bryan T. McGahan held title to the lands in question was obtained by fraud and misrepresentation in consequence of which he held the same in trust for himself and the plaintiffs.

As when the case was here before, it comes for trial de novo but unlike at that time it comes here at this time on the evidence of the opposing parties which requires this court to reach an independent conclusion on the evidence, subject however to the rule that when the evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the one in opposition thereto. McCormick v. McCormick, 150 Neb. 192, 33 N. W. 2d 543; Sopcich v. Tangeman, 153 Neb. 506, 45 N. W. 2d 478; Wiskocil v. Kliment, 155 Neb. 103, 50 N. W. 2d 786; Johnston v. Johnston, 155 Neb. 222, 51 N. W. 2d 332.

This being an action to set aside a deed it comes

under the rule that parol evidence to overcome the presumption arising from the express terms of a deed and to set aside such deed must be clear, unequivocal, and convincing. Holbein v. Holbein, 149 Neb. 281, 30 N. W. 2d 899; McCormick v. McCormick, *supra;* Parrott v. Hofmann, 151 Neb. 249, 37 N. W. 2d 199; Johnston v. Johnston, *supra.*

As has been already pointed out the evidence in chief of the plaintiffs here is the same as was adduced on the former trial. The former opinion contains a fair summary of that evidence. It will be adopted for the purposes of this opinion but not repeated herein.

The opinion also contains conclusions of fact which of course can have no effect upon the determination here since there the case was considered on the evidence of the plaintiffs alone thereby making applicable the rule that when a defendant moves to dismiss plaintiff's action at the close of plaintiff's evidence, the defendant admits the plaintiff's testimony to be true, together with every reasonable conclusion which may fairly be drawn therefrom. Paul v. McGahan, *supra.*

The question of whether or not the parol evidence of plaintiffs was sufficiently clear, unequivocal, and convincing in and of itself to overcome the presumption arising from the express terms of the deed to the defendant Bryan T. McGahan was effectually decided in favor of the plaintiffs in the former opinion. We are not disposed to interfere in any wise with that decision herein.

This conclusion leaves for consideration only the question of whether or not in this trial the evidence, considered de novo, sustains the decree of the district court.

As against the evidence of the plaintiffs the defendant Bryan T. McGahan denied categorically and specifically all of the evidence of the plaintiffs the effect of which evidence was to say that the deed was not intended as an absolute conveyance.

Affirmatively he pleaded that it was agreed and understood that by the deed he was to receive absolute title to the land subject to the encumbrances. The details of his evidence in this connection will not be set out here. His evidence in this regard is corroborated by a series of circumstances which reflect materially upon the credibility of the claims of plaintiffs that the deed was not intended to represent an absolute conveyance.

The action was originally instituted in the name of two brothers and two sisters of the defendant Bryan T. McGahan and the spouses of two of them. It was done however by Matt J. McGahan without the knowledge or consent of the brother, John C. McGahan, and the two sisters.

On being apprised of the commencement of the action the three executed formal dismissals of the action with prejudice. In connection with the dismissal plaintiff Anna Paul made affidavit in part as follows: "* * * that she does not have and does not claim any interests in or to the real estate involved therein or any of the rents, profits, revenue or income therefrom; that when she executed the deed to said property dated April 10, 1941, * * * she intended to transfer all of her right, title and interest therein to Bryan T. McGahan * * *." The defendant Mayme Baker made a like affidavit. These affidavits were made at the instance of the defendant Bryan T. McGahan.

Both of these witnesses on the trial denied that the affidavits reflected their intention and purpose when the deed was executed. They seek to avoid their effect by saying that they did not read them before they signed and swore to them, though ample opportunity was afforded to do so. They do not contend that their brother did anything the effect of which was to induce them not to read the affidavits.

John C. McGahan testified that it was his intention at the time he signed the deed as well as at all times

thereafter to convey absolute title to the land.

Matt J. McGahan, the plaintiff who in actuality and without the knowledge or consent of the other named plaintiffs commenced this action, testified that it was not the intention that the deed should be an absolute conveyance but that it was the intention that title should pass to Bryan T. McGahan in trust for all of the heirs of William McGahan. His evidence in this respect is controverted by the testimony of Bryan T. McGahan and other witnesses as to contrary statements made at about the time the deed was executed.

A matter of significance in this respect is that though the deed was executed in 1941 Matt McGahan manifested no interest in Bryan T. McGahan's handling of the subject matter until about 5 years later when it is reasonable from the record to assume that the land had considerably appreciated in value.

Bryan T. McGahan testified substantially that at the time the deed was executed the parties considered that there was no value in the land over and above the charges against it and that they would turn it over to Bryan T. McGahan so as to afford him an opportunity to save it for himself.

Such a conclusion, if it was in fact arrived at, was consistent with the facts as they were at the time and with the conduct of Bryan T. McGahan. The total value of the land in 1941 according to the best evidence appearing in the bill of exceptions was $7,320. There are 488 acres involved. Two witnesses who were well informed as to the values of land in that area testified that it was worth about $15 an acre. Matt McGahan, without any qualification to testify as to values except that based upon claimed part ownership in the land, testified that it was of a value of $30 an acre. There was no other evidence on the subject. The loans and charges against the land were refinanced by Bryan T. McGahan and after refinancing amounted on January 1, 1942, to $6,994.15. The charges against the land at

the time the deed was executed are not exactly ascertainable but they were very close to this amount.

There was no personal property in the estate of William McGahan but at the time the estate was closed the charges against it amounted to $1,393.53. Bryan T. McGahan paid these charges without any contribution or agreement for contribution by any of the other heirs. This left him without any hope of reimbursement except as it might be realized in some manner out of this land.

Thus Bryan T. McGahan burdened himself to the extent of $8,387.68 on the basis of receiving title to the land of the value of $7,320.

Taking into consideration the evidence in its entirety in the light of the rules hereinbefore set forth the conclusion is that the plaintiffs are not entitled to any of the relief prayed.

The decree of the district court is affirmed.

AFFIRMED.