GAY R. GOLDSBERRY, APPELLEE, v. EDYTHE GAYLE HILE ET AL., APPELLANTS.

126 N. W. 2d 881

Filed March 13, 1964. No. 35595.

Max G. Towle and Carl H. Peterson, for appellants.

Barney, Carter & Buchholz, for appellee.

Heard before MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action in equity instituted by petition of Gay R. Goldsberry, plaintiff and appellee, against Edythe

Gayle Hile and Joe E. Hile, Jr., defendants and appellants, the purpose of which is to require the defendants to account to the plaintiff for an interest he claimed in real estate that has been denominated as Cotner Boulevard property, and in profits accruing therefrom; to require the defendants to account for and deliver to plaintiff personal property belonging to him; and that the court declare and establish a trust in certain described real estate owned by the defendants to the extent that the plaintiff supplied the purchase money therefor, and that if necessary this real estate be sold by decree and sufficient of the proceeds applied to the satisfaction of the interest of the plaintiff in the land. There is also a prayer for general equitable relief. The pleaded cause of action was denied by the defendants. There was no request by them for any kind or character of affirmative relief.

The case was tried to the court and a judgment rendered in favor of the plaintiff and against the defendants, and therein the interests of the parties were declared. Motion for new trial was duly filed. It was overruled. From the judgment and the order overruling the motion for new trial the defendants have appealed.

By the petition it is substantially alleged that from a date prior to January 1, 1949, and up to June 1, 1953, the plaintiff was the owner of certain real estate in Lincoln, Lancaster County, Nebraska, located on Randolph Street, which was his home; that the defendant Edythe Gayle Hile, who is a daughter of the plaintiff, and Joe E. Hile, Jr., who is the husband of Edythe Gayle Hile, and their children, came to live in the home of plaintiff and continued to live there until together all of these parties moved elsewhere; that this property was sold on June 1, 1953, for $11,500; that in February 1953, the plaintiff purchased a parcel of real estate in Lincoln, Nebraska, known as 601 South Cotner Boulevard for which he paid $3,000; that on this property a new house was built and the $11,500 received was by the defendants taken and applied to the new house at 601 South

Cotner Boulevard; that the details of this transaction were handled by the defendants; that the title to the Cotner Boulevard property was taken in the name of the defendant Edythe Gayle Hile, without the knowledge of the plaintiff on March 7, 1953; that on July 20, 1953, the defendant Edythe Gayle Hile caused this property to be conveyed to herself and her husband as joint tenants without the knowledge of the plaintiff so to do; that the cost of the house was estimated at not to exceed $18,000 but it exceeded that amount and money to take care of the excess was contributed by the defendant Joe E. Hile, Jr.; that it was agreed that the taxes and the monthly cost of utilities should be paid by the defendants; that the Cotner Boulevard property was purchased, used, and occupied on this basis by the parties until June 1958, at which time it was sold and Lot 3, Garvey's Subdivision of Lots 1, 2, and 3, Woods Bros. South Acres Addition, Lincoln, Lancaster County, otherwise known as 4725 South Street was purchased, and was thereafter occupied by the plaintiff and the defendants and their family; that the money acquired from the sale of the Cotner Boulevard property was used in the purchase of this property; that in addition to the furniture, household equipment, and effects which came from the other home the plaintiff purchased for this home all equipment and furniture except a piano, a desk, and an electric stove; and that the arrangement for use and occupancy continued until March 1962. In point of fact the defendants took title to this property as joint tenants without the knowledge of the plaintiff. This is the property which is of immediate concern in this case.

The pleaded conclusion of the plaintiff is that the arrangement was one of use and not transfer of interest or title; that he was not conscious of and never intended to part with title to any of the property to which reference has been made; and that what has been done is the result of misplaced trust in the defendants flow-

ing from their intimate and confidential relation, and on this account he seeks the relief claimed in his petition.

As already pointed out the defendants did not by answer seek affirmative relief. They did however plead facts which they assert defeat a right of recovery on the cause of action pleaded by the plaintiff.

By the answer the relationship of the parties was admitted. It was admitted that the parties lived together for the period of time and in the locations declared in the petition, and that the record title of the three properties involved was correct.

By the answer to the extent necessary to state herein they deny that the title to the Cotner Boulevard property was placed in the defendant Edythe Gayle Hile without the knowledge and consent of the plaintiff; and pleaded it was later placed in her and the other defendant as joint tenants, and that the title to the property at 4725 South Street was transferred by deed of conveyance to the defendants.

They pleaded that the plaintiff purchased the Cotner Boulevard lot, took title to it in the name of the defendant Edythe Gayle Hile, and gave it to her as a present; and that the plaintiff knew about and was fully informed as to all later transactions.

They substantially denied any right or interest in the title to the real estate or personal property in the home or to the use or occupancy thereof in the plaintiff. They prayed for dismissal of the petition, for costs expended, and for general relief.

By the judgment of the district court certain personal property was ordered returned to plaintiff within 20 days from the date of judgment. A constructive trust was declared in the real estate at 4725 South Street to the extent of $16,704 and declared to be a lien subject only to accrued taxes and superior existing liens. The judgment provided for payment within 30 days and upon failure, direction was made for sale of land and improvements to provide funds for the payment of this

charge. A judgment was rendered in favor of plaintiff and against the defendants for $1,700 which the defendants could satisfy by delivering to plaintiff all household goods, furniture, equipment, and tools owned by plaintiff and wrongfully retained in the possession of the defendants within 20 days of the judgment. The plaintiff was awarded judgment in an additional amount of $1,131 for his living expenses for the period between the commencement of the action and the time of trial. The court reserved jurisdiction to carry out the provisions of the judgment.

It is pointed out here that the record does not disclose that during the period of pendency and trial in the district court and in this court that the rights which the plaintiff claimed and the theory on which the case was presented by the pleadings and proof were not of an appropriate character for presentation of his claims, and likewise it is not contended that the judgment rendered fails to respond in appropriate character to the issues presented by the pleadings and tried by the court.

In this light the only substantial question for consideration on this appeal is that of whether or not the evidence is sufficient to sustain the judgment of the district court.

In this connection the effect of the plaintiff's action was and is to have set aside a deed on the basis of parol evidence. The controlling rule under such circumstances is the following: "When the evidence to set aside a deed is in parol such evidence, in order to be sufficient to overcome the presumption arising from the express terms of the deed, must be clear, unequivocal, and convincing." Paul v. McGahan, 156 Neb. 656, 57 N. W. 2d 283. See, also, Johnston v. Johnston, 155 Neb. 222, 51 N. W. 2d 332; Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497; Pike v. Triska, 165 Neb. 104, 84 N. W. 2d 311.

On the issue of whether or not the plaintiff was entitled to the claimed relief with reference to the real

estate the burden was on him to establish that right by the weight of evidence contemplated by this rule.

The decision in this area depends primarily on the question of whether or not there was a gift or intended gift of the Cotner Boulevard property to the defendant Edythe Gayle Hile. The plaintiff positively stated that there was no gift and no intention to make such a gift. He claims lack of information as to how she obtained title to the property, and of the fact that title was passed to the two defendants, until a short time before the commencement of this action.

The evidence of plaintiff does not disclose the cost of this property on completion but it does disclose that the investment and expenditure in relation thereto amounted to more than $16,000. In addition to the investment made by the plaintiff it is reasonably inferable from his testimony that the defendant Joe E. Hile, Jr., made some contributions to the total cost. This evidence indicates that the details of handling of affairs relating to this matter as well as those relating to the sale of this property and the acquisition and handling of the property acquired on South Street were conducted by the defendant Joe E. Hile, Jr., and that he, the plaintiff, knew nothing at the time as to the deed taken by the defendants. His evidence was to the effect that although the money received for the Cotner Boulevard property was used in the purchase of the South Street property he never became informed as to the ultimate cost or price paid therefor.

In substance as to his understanding of the parties up to a short time prior to the commencement of the action here they lived together under a plan whereby they had mutually agreed on a plan of contribution to their interests, but that there was no gift of real estate made or agreed to by the plaintiff to the defendants or either of them.

On the part of the defendants, Edythe Gayle Hile gave testimony that the plaintiff purchased the lot on

Cotner Boulevard; that he paid for it; and that a deed was taken in her name and given to her accompanied by a statement by plaintiff by which he in substance stated that it was done in this manner because it would become hers eventually. There was evidence of like effect which came from her husband. There was no definite testimony to the time such statements were made, and there was no clear statement as to the source of delivery of the deed to or for the plaintiff. There was no evidence the effect of which was to say at any time that the plaintiff surrendered his interest in the title or use of this property, or in the property on South Street acquired following and out of the proceeds of the disposition of the Cotner Boulevard property. In truth the evidence of the defendants and the answer disclosed unequivocally that there was a continuing oral agreement that the plaintiff was entitled to continued use and occupancy at least of each and all of these properties until that agreement was violated by the defendants by letter just after the commencement of this action. A short time prior to the time of the letter of the defendants which violated the agreement the evidence discloses that the plaintiff learned of the condition of the title to the real estate and commenced this action for the purpose declared in the pleadings.

The defendants adduced no evidence the effect of which was to say that any gift either of an interest in real estate or personal property was made by the plaintiff to the defendant Joe E. Hile, Jr. His interest in real estate, if any, was through transfer from his wife and on account of payments made by him.

The evidence indicates that he made payments or contributions in these areas but there is nothing which indicates with any degree of certainty the amount or amounts. He stated that records were kept by him but they were not available. Without any evidence either documentary or based on specific recollections as to

items or total, his estimate of contributions was about $15,000.

This is not a summary of the entire evidence but of what is deemed of important and controlling significance. On this the defendants contend that they are the owners of all of the property to the exclusion of any interest of the plaintiff therein or to any right in the use thereof. This is expressed by the defendant Edythe Gayle Hile, as disclosed by the following contained in the bill of exceptions: "Q Mrs. Hile, at this moment there isn't any question in your mind that your father is asking for possession to take the property, I'm talking about the real estate, now, away from you; there isn't any question in your mind at this point about that? A No. Q You know he's not asking to take the property away from you, he's asking for his money back, don't you understand that? * * * Q At least, you understand that now? A Yes, I understand that. Q You're not willing to give him his money back? A Well, I don't feel that it is mine to give back. Q Whose is it now? A Well, I feel that it was given to us, and, I think, that we're entitled to it. Q All the money and all the property was given to us, and that is who? A Joe. Q You and Joe? A Yes. Q And you're entitled to it? A Yes. Q And you won't give it back? A No."

This evidence, coupled with that of which it is a part, demonstrates that the plaintiff had a right which originated in purchase and payment of funds accumulated by plaintiff of use and occupancy of real estate at 4725 South Street acquired in the manner outlined which he never abandoned but from which he was excluded by action of the defendants by letter dated June 4, 1962, which exclusion they proceeded to attempt to enforce by legal action. It also demonstrates that the defendants proceeded to and did assert title to personal property which belonged to the plaintiff without compensation.

The evidence of the defendants themselves is incapable

of even an inference that the plaintiff intended in his lifetime to surrender his right to use and occupancy of the real estate to them or at any time to give to them his personal estate and belongings.

At the conclusion of the trial the court made findings of fact on the questions presented which will not be repeated here but in conformity with the findings in disposition of the case, the court declared a trust in favor of the plaintiff in the real estate for the amount which the plaintiff had contributed through the various transactions to the real estate at 4725 South Street and the improvements thereto, and fixed the amount and value thereof at $16,704 and rendered judgment accordingly.

Judgment was also rendered in favor of plaintiff and against the defendants for household goods, furniture, and tools of the value of $1,700 with provision for satisfaction by delivering the articles of property within 20 days.

The plaintiff was also awarded judgment for living expenses away from 4725 South Street during the pendency of the action in the amount of $1,131, and the costs of the action.

It appears that the judgment of the district court is sustained by the record, and it is affirmed.

AFFIRMED.

SPENCER, J., not participating.