SHERRY D. ANSTINE, APPELLANT, v. JACK R. ANSTINE, APPELLEE.

336 N.W.2d 552

Filed July 15, 1983. No. 82-285.

Kenneth R. Lang of Angle, Murphy, Lang & Valentino, P.C., for appellant.

Blevens, Blevens & Jacobs, for appellee.

Boslaugh, White, and Caporale, JJ., and Brodkey, J., Retired, and Grant, D.J.

Grant, D.J.

This is an action for dissolution of marriage brought by Sherry D. Anstine, wife and appellant, against Jack R. Anstine, husband and appellee. The District Court dissolved the marriage, awarded custody of three children to the wife, provided for the payment of child support, awarded each party "an undivided one-half interest in and to all personal property owned by the parties as a tenant in common," awarded the wife an undivided one-fourth interest in the real estate owned by the parties, as a tenant in common, and awarded the husband an undivided three-fourths interest in the parties' real estate, as a tenant in common.

The court further found that, because of the character of the real estate and the indebtedness thereon, the real estate could not be equitably divided in kind and should be divided by the above-stated share interests.

The wife appeals, alleging as error only that the trial court erred in finding that a certain conveyance of the parties' real property from the husband's mother was in reality a gift to the husband and should not be included in the marital estate; that the trial court erred in awarding the wife an insufficient

interest in the parties' jointly owned real estate; and that the trial court erred in failing to award costs and an attorney fee to the wife.

No request was made for alimony by the wife in her pleadings, in her testimony, in her motion for new trial, in her brief to this court, or in the arguments made to this court, and, therefore, the issue of alimony, although ordinarily present in a 25-year marriage with five children born to the marriage and where the wife has contributed substantial labors to the marriage, is not before us.

The parties were married on April 14, 1956. Five children were born to the marriage, three of whom were still minors at the time of trial. Each party worked throughout the marriage, both in the family farming operation and intermittently at outside employment. The wife did fieldwork, raised hogs, worked as a waitress, worked as a laborer in erecting farm buildings, and, as indicated in a letter from the manager of the parties' bank in 1976, furnished "leadership" to the couple. That letter stated in part, "Mrs. Anstine is highly regarded here, and in the area as to her character and her ability to work, and general concern of their business affairs."

The husband also worked in the farming operation and in outside employment, including employment at the time of the dissolution of the marriage as a truckdriver at a wage of approximately $13,900 per year. At the same time, the wife was earning approximately $400 per month as a waitress.

The evidence showed, with respect to the issue of the nature of the conveyance of the real estate in question, that on March 3, 1977, appellee's mother, Anna Anstine, by survivorship quitclaim deed prepared by a lawyer in his office, deeded the real property in question to Jack R. Anstine and Sherry Anstine, husband and wife, as joint tenants with the right of survivorship, and not as tenants in common. The Nebraska documentary stamp tax on the deed

was in the amount of $33, indicating a consideration of $30,000. By undisputed testimony the wife and husband additionally agreed to pay $30,000 to the children of the deceased sister of the appellee. Also by undisputed testimony, both wife and husband agreed that Anna Anstine would have the right to live on the farm and the parties would pay her utilities and taxes so long as that life use continued. Additionally, the wife and husband paid off an existing small mortgage on the property. At the time of trial an appraiser determined the real estate to have a value of approximately $320,000. Anna Anstine testified she had been told the land had a value of about $112,500.

Shortly after the signing of the deed, the wife and husband jointly took out a loan in the amount of $212,000 which was used to pay off the small existing loan and to provide for funds to erect certain improvements on the farm.

The evidence is further undisputed that no gift tax return was ever filed in connection with this transaction; that no gift had been claimed or set forth on the transfer statement; and that no documentary evidence existed in support of any alleged gift to the appellee.

The evidence in support of appellee's claim that this transaction constituted a partial gift to him consisted only of answers of Anna Anstine to leading questions indicating that she thought the transaction constituted a partial gift to appellee; that she did not see the names of both the wife and husband on the deed; and that she did not read all of the deed. This testimony was supported by testimony of the appellee, to the effect that there was a partial gift to him from his mother. Typical of the appellee's testimony is the following: "Q. Have you made any claim that a portion of that property, that real estate was a gift to you? A. No. MR. JACOBS: Excuse me. I think we do in our pleadings. We claim that it was partial gift. MR. ANSTINE: Okay. 50 per-

cent of it was actually supposed to have been mine."

From the above testimony and exhibit evidence, appellee contended that his mother intended to make a partial gift to him, either of all of the farmland which was the subject of the deed, except the $30,000 reflected in the documentary stamp tax statement, or a gift of 50 percent of the real estate—whatever that interest might turn out to be.

The trial court concluded and found that the parties acquired the real estate "by purchase and by a substantial gift from respondent's mother for which he should be credited in division of said real estate." This court determines that that finding is not supported by substantial evidence and is in error. The finding would be in direct conflict with the recorded legal title which conveyed the real estate to both parties jointly, and the parol evidence adduced was not of the type which is "clear, unequivocal, and convincing," to the extent that it would overcome the recitals in the deed. *Paul v. McGahan*, 156 Neb. 656, 57 N.W.2d 283 (1953). The evidence in this case is very similar to the situation presented in *Grummert v. Grummert*, 195 Neb. 148, 237 N.W.2d 126 (1975), where the court held that, in the situation there presented, it would not look behind the recorded legal title. In the instant case the trial court should have given full effect to the recorded title and should have considered the real property as an asset of both parties to the marriage.

Once the real property is placed into the parties' marital estate, it is apparent from the facts in the case that this marriage is of the long-standing, and equally contributing, type that should result in an equal division of the parties' assets. Therefore, with regard to the parties' assets, the decision of the trial court is affirmed as herein modified to give appellant an equal one-half share in the real estate of the parties, subject to the existing indebtedness thereon.

With regard to the awarding of an attorney fee, there does not appear to be any reason why appel-

lant should not be awarded an attorney fee, both in the trial court and in this court. Aside from the parties' assets, appellee is earning approximately three times as much as appellant, and in that situation, particularly where no alimony has been awarded, appellee should be required to pay appellant's attorney a $500 fee for services rendered in the trial court and $500 for services rendered in this court. Costs in the trial court and in this court are taxed to appellee.

The cause is remanded to the trial court for the entry of a decree as modified herein. The decree of the trial court, as so modified, is affirmed.

AFFIRMED AS MODIFIED.