NEIL R. SALMON, APPELLEE, V. SUSAN K. SALMON, APPELLANT.
367 N.W.2d 142

Filed May 10, 1985.   No. 84-508.

Michael H. Powell of Powell & Powell, for appellant.

Timothy J. Otto of Whitney, Newman, Mersch, Otto & Warren, for appellee.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

BOSLAUGH, J.

This is an appeal in a proceeding for the dissolution of a

marriage.

The petitioner, Neil R. Salmon, and the respondent, Susan K. Salmon, were married on February 12, 1972. They have two children, Shad, age 10, and Annette, age 8. The parties separated in March of 1983. This action was commenced on May 19, 1983.

The trial court dissolved the marriage and granted custody of the children to the respondent. She was awarded $125 per child per month for child support.

The respondent was awarded the household goods in her possession, a 1977 Ford LTD, and the personal effects belonging to her and the children. The petitioner was awarded various farm implements and tools, including an IH tractor, the unsold property from the parties' former bar, and his personal effects. The parties were ordered to pay the debts on the personal property awarded to them individually. Additionally, the respondent was ordered to pay the indebtedness to Visa, MasterCard, Kissel's, J.C. Penney, and the First National Bank of Aurora (that is, home improvement loans totaling $4,334.24); whereas the petitioner was ordered to pay miscellaneous indebtedness remaining from the parties' bar venture, totaling $982.58, and personal property taxes. No alimony was awarded, and the parties were ordered to pay their own attorney fees.

The residence owned by the parties was awarded to the respondent, subject to a lien in favor of the petitioner in the amount of $15,000.

The respondent has appealed and has assigned as error: (1) The finding that the residence was not a gift to the respondent from her parents; (2) The award of $15,000 to the petitioner; (3) The failure to award the respondent alimony; (4) The failure to award the respondent attorney fees; and (5) The inadequacy of the award of child support.

Both parties were 37 years old at the time of the divorce. The petitioner has been a construction worker since October 31, 1983, with a monthly take-home pay of $600. For approximately 2 years prior to that time, he managed a bar owned by the parties, which produced little or no profit. During this time, the respondent supported the family with her income

as a self-employed beautician. At the time of the hearing, her monthly take-home pay was approximately $750.

In 1975 the parties purchased the respondent's childhood home from her parents for $10,000. The contract provided for an $800 downpayment and monthly payments of $102.14 over the following 10 years. On July 22, 1983, the respondent's parents notified the parties by letter that they were behind on their payments and demanded receipt of the same within 30 days. The petitioner then borrowed $2,485 from the bank and paid the balance due on the home.

Considering, first, the contention of the respondent that the home was a gift to her, we considered an analogous situation in *Anstine v. Anstine*, 214 Neb. 808, 336 N.W.2d 552 (1983). In *Anstine* the husband contended that his mother had intended to make a partial gift to him of certain real estate, and to that extent it should not be included in the marital estate. We held that the property should have been considered as a part of the marital estate. We said that any other finding "would be in direct conflict with the recorded legal title which conveyed the real estate to both parties jointly, and the parol evidence adduced was not of the type which is 'clear, unequivocal, and convincing,' to the extent that it would overcome the recitals in the deed." *Id.* at 812, 336 N.W.2d at 554.

The respondent's mother, Bertha Larson Davis, testified, "Well I thought that Susan and her children would always have a home and I just figured I was giving them a gift. I didn't tell them I was giving them a gift, but I figured I was." The petitioner testified that there was never any discussion that the residence was a gift. It is undisputed that a gift tax return was not filed in connection with the transaction; no gift was claimed or set forth on the transfer statement; no documentary evidence existed in support of any alleged gift; and the only evidence to support the claim of a gift consisted of the testimony of the respondent's mother. This evidence was not so clear, unequivocal, and convincing as to overcome the recitals in the deed which conveyed the property to the parties as joint tenants.

The respondent next contends that it was error for the trial court to award the petitioner a lien for $15,000 on the property.

It is clear from the record that this award was intended to be a part of the division of the marital estate. At the hearing on the motion for a new trial, the trial court stated, "It's simply a division of property that could not be divided in kind."

The respondent argues that it is "patently unfair" to require a payment of $15,000 to the petitioner, considering her income, because she would be forced to borrow the money. This would reduce her monthly income and her ability to maintain a home for herself and her children.

The division of property in marriage dissolution cases is a matter which rests in the sound discretion of the trial judge. Although it is reviewed de novo on the record on appeal, the judgment will be affirmed in the absence of an abuse of discretion. *Rockwood v. Rockwood, ante* p. 21, 360 N.W.2d 497 (1985). " 'There is no mathematical formula for dividing property when a marriage is dissolved. *Such awards are to be determined by the facts in each case. . . . The ultimate test is one of reasonableness.'* (Emphasis supplied.)" *Choat v. Choat,* 218 Neb. 875, 877, 359 N.W.2d 810, 812 (1984); *Applegate v. Applegate, ante* p. 532, 365 N.W.2d 394 (1985).

Considering the respondent's limited income and the fact that the only property of value in her possession is the home, it is unreasonable to assume that she could pay the petitioner $15,000 unless she borrowed it or sold the home. Either alternative would make it very difficult for her to provide the children with a home and the necessities of life.

Under the circumstances in this case we think the award of $15,000 to the petitioner as a lien on the residence was an abuse of discretion. A more reasonable award would be one that would permit the petitioner to receive a fair property settlement but not unduly burden the respondent's ability to care for the children. We conclude that the decree should be modified to award the petitioner $10,000; the same to be paid, without interest, in 10 years, or when the respondent remarries or sells the home, whichever occurs first. This modification will allow the respondent to maintain a home for the children during their minority but ensure that the petitioner receive some share in the property.

So far as the other assignments of error are concerned, we

find the award of child support to be reasonable and the refusal to award alimony or attorney fees reasonable, under the facts and circumstances.

As we stated in *Lainson v. Lainson, ante* p. 170, 174, 362 N.W.2d 53, 56 (1985):

"[I]n determining the amount of child support to be awarded, the status, character, and situation of the parties and attendant circumstances must be considered. The financial position of the husband as well as the estimated costs of support of the children must be taken into account . . . ." That statement should be broadened to include that the circumstances referred to should be consideration of the financial condition of the parent making the child support payments.

The test of reasonableness applies in determining an award of attorney fees, *Choat, supra,* and in determining an award of alimony. As was quoted in *Gleason v. Gleason,* 218 Neb. 629, 632-33, 357 N.W.2d 465, 467 (1984):

In determining whether alimony should be awarded, in what amount, and over what period of time, the ultimate criteria under the statute as well as under the former decisions of this court is one of reasonableness. . . . [Citations omitted.] The determination of whether it is reasonable to award alimony and if so how much takes into consideration all the circumstances of the parties, as well as the duration of the marriage and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children of the parties in the supported party's custody.

None of these matters can be considered in isolation in determining whether the trial court abused its discretion. See, e.g., *Van Cleave v. Van Cleave,* 201 Neb. 211, 214, 266 N.W.2d 900, 902 (1978) ("[A]limony, support, and property settlement issues must be considered together to determine whether a court has abused its discretion. . . . The crucial question in this case is whether the respondent can reasonably be expected to pay all the amounts required.").

As we view the record, there is no reasonable basis at this time for an increase in the award of child support, an award of

alimony, or an award of attorney fees. The judgment is, therefore, in all other respects affirmed.

AFFIRMED AS MODIFIED.