ELAINE D. BLASER, APPELLANT, V. KENNETH M. BLASER, APPELLEE.

402 N.W.2d 875

Filed April 3, 1987.   No. 85-371.

Mark M. Sipple of Luckey, Sipple, Hansen & Emerson, for appellant.

James G. Egley of Moyer, Moyer, Egley & Fullner, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Elaine D. Blaser appeals from the decree of the district court for Platte County, Nebraska, dissolving her marriage to Kenneth M. Blaser. Elaine alleges four separate errors were made by the lower court: First, the court erred in failing to find 120 acres was a gift to both parties, and therefore inequitably divided the marital estate; second, the alimony awarded her was inadequate; third, the court erred when it failed to make findings of fact regarding the value of real and personal property; and last, the court erred by not awarding her half of the amount of money removed by Kenneth from joint accounts after a restraining order was issued limiting use of the accounts. We affirm.

At trial, testimony revealed that the parties had been married for nearly 29 years and had one daughter, who had already reached the age of majority. Kenneth is a farmer. Elaine has not been gainfully employed since they were married and has no special job training. She is a high school graduate. While it is undisputed that she was responsible for childrearing and housekeeping, her representations regarding her contribution to the operation of the farm were sharply contradicted by Kenneth, his father, and Virgil Norris, a neighbor of the Blasers' who worked daily with Kenneth, helping with each other's farm chores.

At the time of trial Kenneth was 53 years old. He testified that he has a bad back and a bad knee, but is otherwise in good health. Elaine testified that she has "fibroids" and sees a female pelvic specialist regularly. The condition is not disabling.

Elaine inherited a one-half interest in 160 acres of pastureland and a one-fourth interest in 6 acres on the Loup River. Neither parcel was included as an asset in the marital estate by the trial court.

In 1965 the parties acquired an 80-acre parcel of land for $36,000. The couple used $10,000 that Elaine inherited and borrowed $10,000 from Elaine's father to finance this purchase. The loan was never repaid, and the debt was forgiven

upon Elaine's father's death.

In 1973 and 1974 Kenneth's parents conveyed two parcels of land, totaling 120 acres, to Elaine and Kenneth as joint tenants. The property had a farmhouse on it, in which the parties lived until 4 years prior to trial. The structure was removed from the property and sold, and a new house erected. Kenneth was awarded 120 acres and the new house. Elaine was awarded the proceeds of the sale of the old house, which were held in escrow.

In the decree the 120 acres conveyed by Kenneth's parents is categorized as a gift to Kenneth. The debt forgiven the parties upon Elaine's father's death is categorized as a gift to Elaine, although at trial she contended the debt was forgiven both of them. The decree does not set out whether these were ultimately considered part of the marital estate.

Elaine's first assignment of error alleges that the property was inequitably divided because the court wrongfully excluded the gifts from Kenneth's parents from the marital estate. While it is unclear as to whether the lower court included or excluded the land and old house from the marital estate, we find that the 120 acres and the house were a gift to both parties and, therefore, part of the marital estate.

The deeds unambiguously convey the land to Elaine and Kenneth as joint tenants. Although Kenneth's father, Milton Blaser, testified that he intended the property to remain in the family, that he did not like Elaine, and that he meant the land to be a gift to Kenneth, he also admitted that he knew at the time the conveyance created a joint tenancy, and understood what that meant since he and his wife hold their property as joint tenants. This was the only evidence offered in support of finding the land to be a gift to Kenneth alone. This parol evidence is not of the clear, unequivocal, and convincing type required in cases such as *Salmon v. Salmon*, 219 Neb. 899, 367 N.W.2d 142 (1985), and *Anstine v. Anstine*, 214 Neb. 808, 336 N.W.2d 552 (1983), to overcome recorded legal title and the recitals in the deed that purport to convey title to both of the parties.

Having decided that the farmhouse and the 120 acres were given to both Kenneth and Elaine and are part of the marital estate, we must now determine if the division of property was

inequitable. On appeal we consider the issues de novo on the record and affirm the trial judge's decision where we observe no abuse of discretion. *Busekist v. Busekist*, 224 Neb. 510, 398 N.W.2d 722 (1987). As a general rule, one-third to one-half the property is an appropriate division. However, property divisions are not subject to a rigid mathematical formula. The division must, most of all, be reasonable. *Sullivan v. Sullivan*, 223 Neb. 273, 388 N.W.2d 516 (1986).

In calculating what property is subject to division and to whom it went, we exclude from the estate the land Elaine inherited and owns part interest in, and several pieces of farm equipment still owned by Kenneth that were given to him by his father. Property not specifically handled in the decree, such as a wooden building, with eight windows, that is able to be sold, is considered to be evenly divided between the parties, as provided for by the decree. As a result of our review of the record, we find that Elaine received over one-third of the marital estate.

The bulk of the marital assets are in the form of the new house, the real estate, and farm equipment. Kenneth testified that he wanted Elaine to have the house, and she testified she did not want it. They both agree there is not a good market for the home due to its location. Elaine received 40 percent of the land and the means to irrigate it. She never indicated to the court she wanted any of the machinery, and Kenneth received all of it. Elaine received almost all of the parties' cash and personal property; Kenneth was given responsibility for all the marital debts. Although the decree awards Elaine less property than Kenneth, it divides the property between the parties in a reasonable manner in light of Elaine's wishes not to be awarded the house and to move off the land. We find no abuse of discretion by the trial judge with respect to the division of property.

There is, however, one change that must be made in the decree. At trial the appellant requested that she be awarded the "Mueller" 80-acre tract and the equipment used to irrigate it, since her family contributed a large part of the money used to purchase the tract. The appellee did not contest her request. In its findings, the court found that the "Blaser 80" was a gift to Kenneth. The appellant never requested to be awarded this

80-acre parcel, although she felt it should be included in the marital estate. In the order the court awarded Elaine an 80-acre tract and irrigation pipe, and Kenneth an 80-acre tract with the house, yet the legal descriptions of the two 80-acre tracts were interchanged. To the extent that the order does not reflect the obvious intention of the trial court and the consonant wishes of the parties, it is modified. Elaine is awarded the land described as the east half of the southwest quarter of Section 32, Township 17 North, Range 1 West of the 6th P.M., in Platte County, Nebraska. Kenneth is awarded the land described as the south half of the southeast quarter of Section 32, Township 17 North, Range 1 West of the 6th P.M., in Platte County, Nebraska.

Elaine was awarded alimony in the amount of $400 per month for 3 years and $250 per month for 7 years thereafter, and appeals because she feels it to be inadequate. Decisions regarding alimony are entrusted to the sound discretion of the trial judge and, absent an abuse of discretion, will be upheld on appeal. *Busekist v. Busekist, supra.*

Kenneth farms for a living. Elaine was awarded 40 percent of the farmland the two of them owned. She also owns a one-half interest in 160 acres and a one-fourth interest in 6 acres. Kenneth testified that the profits from the 120 acres he was awarded have been and will be greatly reduced due to seepage of underground water onto part of the land, drowning the crops. Elaine received most of the parties' cash. She is not unable to work. In light of the resources she has at her disposal, we cannot say that the trial court abused its discretion by awarding her alimony in the amounts described above. We uphold the decision of the trial court.

Elaine's third assignment of error concerns the trial court's failure to make findings of fact with respect to the values of the property contained in the marital estate. Neb. Ct. R. of Prac. 9D(1)d (rev. 1986) provides that "consideration of the case will be limited to errors assigned and discussed." This assignment of error was not briefed and, therefore, shall not be considered. *In re Interest of J.S., S.C., and L.S.*, 224 Neb. 234, 397 N.W.2d 621 (1986).

In her fourth assignment of error, Elaine complains that the

court erred when it failed to award her one-half the amount of money Kenneth removed from a joint account after a restraining order was served upon him. The order at issue restrained Kenneth from disposing of the property described in the order, except in the usual course of business. Elaine argues in her brief that since he did not account for "where specifically it went" at trial, she should recover half of the money. Brief for Appellant at 24. Neb. Rev. Stat. § 42-357 (Reissue 1984), which provides for the issuance of restraining orders such as the one at issue here, provides in part: "[T]he party against whom such order is directed shall *upon order of the court* account for all unusual expenditures made after such order is served upon him or her . . . ." (Emphasis supplied.) The record before us does not demonstrate that Elaine requested the court for an order requiring Kenneth to account for these expenses or that Kenneth was ever ordered to account for these expenses. There is no evidence suggesting the expenditures were unusual or that Kenneth misused the funds or secreted them away. Since Kenneth was not ordered to account for these expenditures, we cannot find that his failure to do so entitles Elaine to any more property than has been awarded her in the decree dividing the property between the parties. We find no merit in this final assignment of error and uphold the decree of the trial court as modified.

AFFIRMED AS MODIFIED.